By the Court. Sandford, J.
The referee has decided in these cases, that when the money was paid by the respective plaintiffs to the street commissioner, the corporation was not legally entitled to receive it. There were several distinct grounds upon which this conclusion was insisted by the plaintiffs. One of these, the want of any corporate ordinance, directing the lots to be filled, was a question of fact purely, and if found in favor of the plaintiffs, of itself sufficed to show that the assessments were void. As the referee may have reposed his decision on this point, and there was evidence in its support, we are not inclined to disturb the report on this ground; although there is a wide difference between proving the existence of an ordinance affirmatively in order to establish and enforce a legal claim founded upon it, and proving that there never was any ordinance, in an action to recover money paid on the assumption that one existed. Evidence tending to show that there was an ordinance, may be sufficient for a defence in the action for money paid, which would be totally inadequate to establish a title founded upon an assessment sale made by virtue of such ordinance.
The important question remains, can the plaintiffs recover *479 back the money paid ? The payments were not made under any mistake of fact. The plaintiffs declared and insisted that the assessments and the sales were void ; and the referee has adjudged that they were void. There was no mistake of law even; for the plaintiffs knew perfectly well that a sale under a void assessment conferred no title upon the purchaser.
It is contended, however, that the payments were involuntary, and were made by compulsion. That the sales constituted a cloud upon the title, which cloud, circumstances compelled the plaintiffs to remove ; and it is intimated by the points made in Mr. Post’s case, that his payment was made through coercion, oppression, imposition, fraud, or by taking undue advantage of his situation, or by wrongfully exacting it, colore officii.
1. In regard to the cloud upon the title. The muniments of title, upon an assessment sale, consist of several proceedings, all of which are indispensable to its validity, and if one be wanting, no title is shown. Of these links in the chain, the plaintiffs insist that three at least never existed, viz.: the original ordinance directing the filling, the assessment of the expense, and the advertisement for redemption. Each of these preceedings forms an essential part of the record of the assessment title, and in their absence, such title is void upon its face. See the observations of the chancellor, in Wiggin v. The Mayor, &c., of New York, (9 Paige, 16,) and Van Doren v. The Same Defendants, (Id. 388.) A conveyance or judgment, void upon its face, does not constitute a cloud upon the title ; and the assertion of a title under such a conveyance, or of a lien by virtue of such a judgment, does not afford a ground for equitable interference ; much less does it constitute legal compulsion. There are cases of duress of personal property, in which payments for its relief, are deemed involuntary, and the money may be recovered back. Most of these have arisen upon seizures of goods under revenue or excise laws, and by public officers acting under process or warrant of law. The principle has been extended, occasionally, to cases where bailees, or others, who came into the possession of goods lawfully, have exacted more than was due, before they would relinquish such possession. It is founded upon the movable and perishable character of the prop *480 erty, and the uncertainty of a personal remedy against the wrongdoer. The reasons for the rule .are wholly inapplicable to real estate, and we are not aware of any instance in which it has been applied to that species of property. On this subject of payments compelled by duress of property, we refer to Chase v. Dwinall, (7 Greenl. 134;) Ellicott v. Swartwout, (10 Peters, 137;) and Clinton v. Strong, (9 John. 370.)
It cannot be said therefore, that the payments in question were made through compulsion, coercion or oppression. There is no pretence that there was any imposition or fraud in the case. There was no advantage taken of the situation of the parties, nor was the money in any sense exacted from them. The corporation, whose agent, the street commissioner, received the money, was not only passive in respect of the payment, but so far as the case discloses, had no interest in the matter. The money, if the lots were redeemed, belonged to the purchasers; no part of it was to be retained by the corporation, and it was to the latter totally indifferent whether the redemption should be made or omitted.
The simple truth of the affair is this. The corporate authorities had sold these lots for assessments which they and the purchasers alleged to be valid in fact and in law. The original owners were entitled to redeem, on paying the bids with interest to the purchasers, through the street commissioner. Those owners averred and insisted that the assessments were absolutely void, both in fact and in law, and that the sales and conveyances were equally void. Thus the parties were at issue, each claiming a right, and the plaintiffs fully apprised of the grounds of the opposing claim. It became desirable for the one plaintiff to sell his lots, and for the other to mortgage his, and the assessment claims presented an obstacle to the accomplishment of their wishes. The plaintiffs, rather than to forego the opportunity of mortgaging and selling, chose to pay the assessments claimed ; instead of abiding the result of a litigation testing their validity.
In our view, this clearly constituted a voluntary payment, which according to a well settled and valuable principle of law, cannot be recalled. (Silliman v. Wing, 7 Hill, 159; Supervi *481 sors of Onondaga v. Briggs, 2 Denio, 26, 39 ; Brisbane v. Dacres, 5 Taunt. 143 ; Robinson v. City of Charleston, 2 Richardson, 317. And see Ege v. Koontz, 3 Barr’s Penn. R. 109.)
There is one fact in Mr. Post’s case, which distinguishes it from Fleetwood’s. Previous to his payment, the counsel of the corporation promised that his rights under a petition to the common council, should be reserved just as they then were; and both the corporation counsel and the street commissioner said, or assented to the proposition, that the plaintiff could pay the assessment, and reserve his rights against the corporation. These facts are not urged as showing any thing like fraud or imposition, because the officers named made no application to Mr. Post to pay the money, and they did not urge or request its payment, but it is claimed that they prove an agreement that the payment should not affect his rights.
As to the positive promise of the counsel, it relates apparently, to an application to the justice or clemency of the municipal legislature; and the assent of both officers to his being entitled to recover the money back, was rather the expression of an opinion on the law, than a stipulation.
But giving to the proof the broadest scope claimed for it, we do not perceive how it can alter the case. The corporation counsel had nothing to do with the subject matter. He could not receive the money or cancel the sale. As to the street commissioner, it was his duty by law to receive the redemption money, if tendered, for the benefit of the purchaser. He was a public officer, and the plaintiff was bound to know the extent of his authority. There is no proof that he was authorized to bind the corporation by such agreement as is inferred from the evidence; and there is certainly no such authority conferred upon him by law. If the plaintiff chose to redeem on the faith of such a promise, it gives him no rights against the corporation of the city.
The legal effect of the payment is not impaired by the protests made. When a party pays under duress of his goods, a protest may become important as evidence that the payment was the effect of the duress, and not an admission of the right *482 enforced by the adverse party. But where there is no legal compulsion, a party yielding to the assertion of an adverse claim, cannot detract from the force of his concession, by saying, I object or I protest, at the same time that he actually pays the claim. The payment nullifies the protest as effectually as it obviates the previous denial and contestion of the claim.
The report of the referee must be set aside is each case, and the rules referring the causes are discharged.