# JANE A. SHELLEY and husband

## vs.

## ISRAEL G. LASH.

*Williams vs. Lash*, 8 *Minn.*, 496, holding that Ramsey county had no power to purchase, or capacity to hold lands sold at sheriff's sale, under an execution issued on a judgment in favor of the county ; that the sale was invalid, and that the county acquired no interest in the premises by virtue of such sale and purchase, recognized as conclusive in this case. *Held*, That proof of the sale under such execution, and subsequent proceedings, offered for the purpose of establishing title thereunder to the premises sold, was properly excluded.

Where the appellant relied upon a title under a sheriff's sale, by virtue of an execution issued upon a judgment in favor of the county, subsequent to the one under which the county purchased, and the plaintiff relied for his defense upon the fact of payment of the judgment by the judgment debtor, whose property was sold, and a part of which is involved in this action, prior to the sale upon which the appellant's title depended, the execution upon which the sale to the county was made, and the return of the sheriff thereon, showing the sale to the county, and the amount for which such sale was made, followed by proof that the county had actually received the amount from the judgment debtor owning the property sold, and other persons for his benefit, was competent evidence.

The county treasurer is a competent witness of a payment to him of a liability due to the county.

The county treasurer testified to certain payments made to him by, and on behalf of the judgment debtor, upon a judgment in favor of the county, stating the times at which such payments were made, the amount of such payments, and the respective persons by whom they were made, among others a payment by the sheriff on such judgment. *Held*, That as the amount paid by the sheriff was distinctly stated, and could be readily deducted from the gross amount paid, even if the testi-

Shelley et al. v. Lash.

mony was immaterial, it could not injure the appellant, and was not ground for a new trial.

If after the sale to the county, which was void, the judgment debtor, under an agreement with the county, paid to the sheriff the amount of the sale, and the return of the sheriff did not show the fact of such payment, showing the sale of the property only, but the sheriff paid over to the treasurer the money received by him from the defendant under the agreement, the treasurer is a competent witness to the fact of such payment by the sheriff, and the testimony is admissible.

A statement of the treasurer, that he was told that certain payments, testified to by him, " were made on account of the judgment, and gave his receipts accordingly," evidently refers to statements made to him at the time of the payments, by the persons making the same, and are part of the *res gestæ*, and are not hearsay, but original evidence.

Where testimony is brought out by the appellant on the cross-examination of the respondent's witness, which is matter in chief, because not a proper cross-examination, and is objectionable as hearsay evidence, the appellant cannot, on appeal, object to such evidence.

Where a sale of property of the judgment debtor was made to the county, the plaintiff in the judgment, and the sale was void for want of power in the county to purchase, if M., trustee of the judgment debtor, and his creditors paid the amount of the sale, either as a payment on the judgment, or as a redemption, without protest, and the money was received by the county, and no claim was ever made by the party paying the same for the return thereof, the amount so paid was to be applied towards the satisfaction of the judgment.

Where it appears that the party appealing could not in any event be injured by an instruction to the jury, even if erroneous, it will not be ground for a new trial.

Where the return on an execution shows that a certain amount of money was made by sale of certain real estate to the plaintiff in the execution, and such sale was void, although a jury could not, from such return itself, apply any portion of the amount returned as made by the sale, in satisfaction of the judgment, yet the judgment debtor is not prevented by such return from showing that he, or others for him, by an agreement with the plaintiff, actually paid to the sheriff, for the plaintiff, the amount of such sale, or any other amount, as a payment on the judgment.

The plaintiff being in possession of certain real estate in

Ramsey county, brought this action in the district court for said county, to determine the adverse claim of the defendant, and quiet her title.   Issue was joined in regard to the title to the premises, and the cause tried before a jury, who found a verdict for the plaintiffs, and also returned a special verdict upon certain questions of fact submitted to them in writing.   Judgment was entered for the plaintiffs.   A bill of exceptions was made and settled, and the defendant appeals to this court.   The case is fully stated in the opinion of the court.

ALLIS & WILLIAMS for Appellant.

SMITH & GILMAN, & BRISBIN & PALMER for Respondents.

*By the Court*—McMILLAN, J.—The complaint of the plaintiffs alleges, that Jane A. Shelley, one of the respondents, is the owner and in possession of the premises, the title to which is involved in this action ; that the defendant claims some interest therein adverse to her, and demands relief that the adverse claim of the defendant may be determined, and she be quieted in her title to and possession of the premises.   The answer of the defendant denies such ownership, and avers ownership in himself.

William H. Randall is the common source from which both parties claim title ; the respondents, under a bond for a deed from said Randall to William H. Shelley, on the 5th February, 1857, and subsequent conveyances from said Randall to Shelley in pursuance of said bond, and from Shelley through intermediate grantees to the respondent Jane A. Shelley.   The appellant Lash relied upon, and at-

tempted to establish two different chains of title, both, however, under a judgment rendered and docketed on the 1st day of September, 1856, in the district court of Ramsey county, in favor of the board of commissioners of the county of Ramsey, plaintiffs, against Allan Pierse, *William H. Randall*, D. A. J. Baker and others, defendants, for the sum of $9441.11.   One chain of title under this judgment relied on by the defendant, was under a sheriff's sale of the premises described in the complaint, with other real estate, on *the 27th of December*, 1859, to James Smith, jr., and John M. Gilman, under and by virtue of an execution issued upon said judgment on *the 14th day of October*, 1859, to enforce the satisfaction of a balance due thereon of $1264 and interest; the assignment of the certificate of said sale by Smith and Gilman to one George B. Hunt; the subsequent conveyance of the premises by deed from the sheriff in pursuance of said sale, and assignment to said Hunt, and other subsequent conveyances from said Hunt and intermediate grantees to the defendant Lash.

The other chain of title relied on by Lash, was under a sheriff's sale of the said premises, with other real estate, *on the 19th of February*, 1858, to the board of commissioners of the county of Ramsey, the plaintiff in the execution, under and by virtue of an execution issued upon the same judgment, on *the 18th of December*, 1857, to the sheriff of Ramsey county, to enforce the satisfaction of a balance due thereon of $6657.57 and interest; the subsequent due redemption of said premises from said sale by a person competent and entitled to redeem the same; the subsequent conveyance by deed of said premises by the sheriff to the said redemptioner in pursuance of said sale and redemption, and the subsequent conveyance of said premises from said

redemptioner, through intermediate conveyances to the defendant Lash.

On the trial the plaintiffs having introduced evidence tending to establish the title upon which they relied, rested their case in chief; whereupon the defendant introduced, without objection, evidence tending to establish the chain of title relied on by him under the sheriff's sale first above mentioned.

The defendant then proceeded to establish the other chain of title upon which he relied, to-wit: under the other sheriff's sale above mentioned, and for this purpose, the judgment having been previously established, "Offered to prove by competent evidence the due issuance out of the said district court of an execution on the 18th day of December, A. D. 1857, and the delivery of the same to the sheriff of the county of Ramsey to enforce the aforesaid judgment, in favor of the board of commissioners of the county of Ramsey, against said William H. Randall and others, for a balance due thereon of $6657.57 and interest; the due levy under and by virtue of said execution by the said sheriff upon the premises described in the complaint, together with other real estate, as the property of said Randall; the sale thereof under and by virtue of said execution and levy to the plaintiff in said execution, to-wit: the said board of the commissioners of the county of Ramsey, on the 19th day of February, 1858, and the due execution of the certificate of sale of said sheriff, and the subsequent due redemption of said premises from said sale by a person competent and entitled to redeem the same; and the subsequent due execution of a deed of conveyance of said premises by the sheriff to the said redemptioner, in pursuance of said sale and redemption, and the subsequent due conveyance of said premises from said re-

demptioner through intermediate conveyances, to the defendant." "The plaintiffs' counsel thereupon objected to said proof, on the ground that it was not competent for the said board of commissioners of the county of Ramsey to purchase at said execution sale, and that they have acquired no title to the premises by said sale; and the court sustained the objection and refused to allow said proof, to which ruling the defendant's counsel then and there excepted." This identical sale has heretofore been the subject of consideration in this court, in an action in which its validity was directly involved, and it was then held by this court, differently constituted, "that the county had no power to make the purchase, or capacity to hold the lands, that the sale was invalid, and that the county acquired no interest in the premises by virtue of such sale and purchase." *Williams vs. Lash*, 8 *Minn.*, 496. This decision has remained undisturbed for more than six years; the sale involved a large amount of real estate in the city of St. Paul, the value of which has greatly enhanced since the determination of the case referred to, and doubtless many new and valuable interests have been acquired in the property by strangers to that action, upon the strength of that decision; therefore, without intimating any opinion as to the merits of the question involved in that case, we feel bound to recognize the decision as conclusive in this case. The proof offered, therefore, was properly excluded. The defendant thereupon rested his case. The plaintiffs, in rebuttal of the defendant's *prima facie* title under the other sale, to wit: the sale on the 27th of December, 1859, to Smith and Gilman, relied upon the fact of full payment and satisfaction of the judgment prior to such sale. In the course of the evidence upon the fact of payment, the plaintiffs offered in evidence, an execution issued out of the district court of Ramsey

county to the sheriff of said county, the 18th day of December, A. D. 1857, to enforce the satisfaction of the aforesaid judgment in favor of the board of commissioners of the county of Ramsey, for a balance due thereon of $6657.57 and interest, and the return of the sheriff the 27th of February, 1858, endorsed on said execution, stating, in substance, that he had duly levied upon certain real estate, particularly described as the property of the defendant William H. Randall, and had duly sold the same on the 19th day of February, 1858, to the plaintiff in said execution, to the amount in the aggregate of $5263, and to one Louis M. Olivier, to the amount in the aggregate of $1130, and that he had thereby made on said execution $5943.60 over and above costs and expenses. " This offer was made in conjunction with the proposition to follow it by showing that the county had actually received the amount from persons paying the same at the instance of William H. Randall, and for his benefit; the proof tending to which was subsequently given." The defendant's counsel objected to the proof offered, so far as the sale to the board of commissioners was concerned, on the ground that nothing passed by said sale, and that hence nothing was made on said judgment by said sale; the court overruled the objection and the defendant's counsel excepted. This evidence was offered on the part of the *plaintiffs*, not for the purpose of proving title under the sale, but for the purpose of showing, in connection with other evidence proposed, that the judgment had been satisfied by voluntary payments by the judgment debtor and his privies, prior to the sale upon which the defendant's *prima facie* title rested. For this purpose it was immaterial whether the sale to the board of commissioners was invalid or not.

The judgment in favor of the commissioners constituted a claim of right which was collectable, and if after the sale

to them, which was void in law by reason of their incapacity to purchase, in the absence of any misrepresentation or mistake of fact, the judgment debtor, Randall, or his privies, paid to them of his own accord any portion of the amount for which the sale was made, it was a voluntary payment on the judgment, to that extent, and could not be recovered back. The doctrine is well settled that money voluntarily paid to a person authorized to receive it, if collectable upon a claim of right, where there is no misrepresentation or mistake of any fact, cannot be recovered back. *The New York and Harlem R. R. Co. vs. Marsh*, 12 *N. Y.*, 309; *Fleetwood vs. The City of New York*, 2 *Sandf.*, 475; *Mowatt vs. Wright*, 1 *Wend.*, 355; *Clark vs. Dutcher*, 9 *Cow.*, 674. The evidence offered was properly received.

The plaintiffs also offered to prove by Robert A. Smith, a witness upon the stand, the receipt by him as county treasurer of Ramsey county of certain sums of money at different times on account of the aforesaid judgment, from the sheriff of Ramsey county, and the attorney of the said board of commissioners. The defendant's counsel thereupon objected to the same as incompetent, irrelevant and immaterial, and the court overruled the objection and the defendant's counsel excepted. The witness under this offer testified: "There was paid to me as county treasurer, on the 14th day of July, A. D., 1857, on account of this judgment, $2000. I think this was paid to me by Mr. Heard, the attorney of the plaintiff in the judgment; and on the 14th day of January, A. D. 1858, the register of deeds paid me on the same account $1564.66 in county orders; and on the 6th day of March, A. D., 1858, Mr. Heard paid me on the same account $600, and on March 13th, 1858, Mr. Tullis, sheriff of Ramsey county, paid me on the same account $4796.18, and on the same day $492 in gold. All these sums were paid,

as I was told, on account of the judgment of the board of the commissioners of the county of Ramsey against Allen Pierse, William H. Randall and others, and I gave my receipts accordingly." The witness, on cross-examination, among other things, testified: "I supposed, but do not know, that the moneys paid by the sheriff were received by him from Joseph M. Marshall, mortgagee of Wm. H. Randall, on redemption from the sale on the judgment, to the board of commissioners of the county of Ramsey." The first ground urged by the appellant here in support of his exception is that it was "immaterial whether the sheriff paid over or not to the county the amounts he collected on the judgment,  *  *  and to admit this evidence, after all the executions and sheriff's returns thereon had been put in evidence, was calculated to mislead and confuse the jury, as to the actual amounts paid."

The treasurer is the authorized receiver and custodian of the county funds, and payment to him of a liability to the county, is a direct payment to the county; he is therefore a competent witness to such payment. Assuming for the present that the returns on the executions established the fact of payments to the sheriff by Randall on account of this judgment, yet, the witness states payments to him other than that made by the sheriff, and distinctly specifies the amount paid by each person; the amount paid to him by the sheriff is thus definitely ascertained, and could readily be deducted by the jury from the amount paid to the treasurer, even if the testimony was immaterial, therefore, we cannot see that its reception misled or confused the jury, or that it affected the defendant's case injuriously. The case is brought here on a bill of exceptions, and contains but portions of the evidence received on the trial, and it is incumbent on the appellant to show error. If the evidence

contained in the bill does not show that the returns on the executions stated the payments made by Randall to the sheriff, we cannot infer that they did. The object of the testimony offered was to prove the actual payment of the judgment by Randall and others for him to the county, the plaintiff in the judgment, prior to the sale under which Lash claims title. The return of the sheriff on the execution of the 18th of December 1857, so far as it appears in the bill of exceptions, shows only a sale to the county, the plaintiff in the execution, of Randall's property to the amount of $5,263. While this sale, if valid, would operate as a satisfaction of the judgment *pro tanto*, it would not show an actual payment by Randall to the county ; if Randall actually paid the money to the county through the sheriff, or any other person, to be applied by agreement as a payment on the judgment, and to relieve his property from the effect of the sale to the county, the return does not so show, and as he had a right to show such payment, it was proper for him to show the fact by any competent evidence, and in this view we think the testimony was admissible.

The appellant also urges, in support of this exception, that the testimony of the witness is hearsay. The statement of the witness that he was told the payments were made on account of the judgment, and gave his receipts accordingly, evidently refers to statements made to him at the time of the payments, by the persons making the same. Such statements are part of the *res gestœ*, and are admissible as original evidence. If the objection, on the ground of hearsay, is intended to apply to the evidence of the witness in regard to his supposition as to the person from whom the sheriff received the money paid over by him, it cannot be sustained, because that testimony was new matter brought

out upon the cross-examination of the witness by the appellant himself.

It is stated in the bill of exceptions that evidence " was given, tending to prove that the said amount of said judgment had, prior to the time of the issuance of the said execution, under which defendant claims, been paid in full to and received by said county." In this state of the record, we cannot infer that the jury duplicated any payments on the judgment, but must presume that there was evidence sufficient to sustain the finding of the jury.

The plaintiffs having rested their case, the defendant's counsel requested the court to instruct the jury, " that moneys paid by Joseph M. Marshall, for the purpose of redeeming property sold by the sheriff under execution on said judgment (in favor of the board of the commissioners of the county of Ramsey against Allan Pierse, Wm. H. Randall others,) to Ramsey county, or to the board of commissioners thereof, was paid without consideration, as such sale was void for want of capacity to purchase in the county, or the board of commissioners thereof. Money so paid cannot be regarded as paid in satisfaction of the judgment."

The court declined to give the request in terms, and charged " that if J. M. Marshall, trustee of Randall and his creditors, paid the money either as a payment on the judgment, or as a redemption without protest, and the money was received by the county, and no claim was ever made by the party paying the same for the return thereof, then the amount so paid was to be applied towards the satisfaction of the judgment."

It is stated in the bill of exceptions, that " evidence was also given, tending to prove that part of said money had been paid by J. M. Marshall, trustee of Randall, part by Pierse, and part by Randall himself, and that said Marshall

and Randall were both negotiating the matter, acting in concert, and that the agreement between said Randall and said board was, that the money was to be applied in satisfaction of the judgment." This is all that appears in the bill of exceptions with reference to payment by Marshall, except the statement of the witness, Smith, upon his cross-examination already referred to, and which is a mere supposition by him, and clearly not competent evidence. Any payment by Marshall, therefore, was made as trustee for Randall and his creditors, or for Randall's benefit.

If Marshall, as trustee of Randall and his creditors, actually paid the money to the county, the plaintiff in the judgment, and the vendee in the execution sale, for the purpose of redeeming the property from the sale, it must have been by virtue of his right as a redemptioner under the statute, having some interest in or lien upon the property, subsequent to the judgment on which the sale was made. If the sale was valid, the payment would operate not only to release the property from the sale, but to satisfy the judgment to the extent of the payment.

If the sale was invalid, yet the judgment was a valid lien upon the premises, and the payment would satisfy the judgment, and release the premises from the lien to the same extent; the satisfaction of the plaintiff's judgment, and the discharge of the lien, therefore, was a sufficient consideration for the payment by Marshall. The necessity to redeem property from a sale upon execution, in order to secure the benefit of a subsequently acquired right or lien, is not a fact which will constitute a payment for that purpose a compulsory payment in law, and Marshall was bound to know whether the county was legally authorized to purchase at this sale or not; if therefore he paid the money to redeem from this sale, without protest, and the money was received

by the county, and no claim was ever made by him for the return thereof, there being no pretension of any mistake of fact, or fraud, or misrepresentation, the payment was a voluntary one, and could not be recovered back.

Whether a protest at the time of payment, or a claim, or demand for the money after the actual reception of it by the county, would have affected the question, may at least be doubted. There was no error, therefore, either in the refusal of the request submitted, or in the charge as given, of which the defendant can complain.

The defendant's counsel further requested the court to charge, " that the application of payment on the judgment should be for the amounts made on the executions, and at the times the same were so made. It is immaterial when the amounts made on the executions were paid to the county treasurer." Which request was refused by the court and the defendant excepted. It appears from the bill of exceptions that payments were made on the judgments beyond the sums made on the executions; the request was therefore objectionable as being too broad; but further, the returns upon the executions, so far as they appear in the bill of exceptions, do not show the date of the payments by Randall and others for him to the sheriff, and it is evident that the moneys paid over by the sheriff to the treasurer must have been made subsequent to their collection by the sheriff. The defendant, therefore, could not in any event have been injured by the refusal of this request. The defendant's counsel further requested the court to instruct the jury, " that none of the moneys returned by the sheriff as having been made on executions upon this judgment by sales of property thereunder to Ramsey county, or to the board of commissioners of Ramsey county, can be applied as payments on the judgment. " The court refused to

charge in terms as requested, stating " that if these moneys were paid in by Randall, or Marshall, or both, under an agreement with the county that they were to be applied on the judgment, then they were to be regarded as a payment ; " to which refusal, and to the charge as given, the defendant's counsel excepted. The county being the plaintiff in the execution under which the sale was made, and being also the purchaser at such sale, no money would actually pass to the sheriff on the sale, but the receipt of the plaintiff to the sheriff for the amount bid, would be equivalent to the payment of the money, and the officer in his return upon the execution would state the amount as made by sale thereunder ; yet it distinctly appears that on the 13th of March, 1858, the sum of $5288.18, an amount greater than the plaintiff's bid, was actually paid by the sheriff to the county treasurer on this judgment; there must then have been actual payments to the sheriff upon this judgment, from some source, to an amount greater than the plaintiff's bid at the sale. It is true that the sale to the county being void, the purchase by the county would not operate as a satisfaction of any part of the plaintiff's judgment, and the return of the sheriff showing a void sale, from the return itself, the jury could not apply any portion of the amount returned as made by the sale, in satisfaction of the judgment; but the effect of the request submitted, if it had been granted, would have been to create in the minds of the jury the belief, that although Randall and others for him had made payments on the judgments to the sheriff, either before or after the sale, yet if the sheriff had returned, that he had made the amount by sale of the premises to the county, that this was conclusive, and that Randall could not be allowed credits for any such payments made by him. This would have been an erroneous impres-

sion. It is true that the sale to the county being void, it did not satisfy any part of the judgment, but that would not prevent the plaintiff from showing that the amount of these sales, or any other sum was paid by Randall, or Marshall, or both, and if they were so paid under an agreement with the commissioners that they were to be applied on the judgment, the instruction of the court that they were to be regarded as payment was correct.

As we have already observed, the bill of exceptions states that "evidence was given tending to prove that the said amount of said judgment had, prior to the time of the issuance of said execution, under which defendant claims, been paid in full to, and received by said county." And the jury find specially that the judgment was paid to the county on or before November 20th, 1858. We are unable to see any reasonable ground for believing that the jury could have been misled or confused by the refusal of the instruction requested or the charge given.

Judgment affirmed.