STEPHEN CUTTER et al., as Executors, etc., Appellants, *v*. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Where one, entitled to an award for damages by reason of the widening of Broadway in the city of New York, made in proceedings under the act of 1869 (Chap. 890, Laws of 1869), accepted the sum awarded, and gave a receipt acknowledging payment in full of its amount, *held*, that the right to interest was thereby waived, and an action to recover the same could not thereafter be maintained against the city ; and this, although the claimant demanded payment of interest at the time and protested against the refusal of the comptroller to pay the same.

Interest in such case is given as damages for non-payment or detention of the money awarded (§ 183, chap. 86, Laws of 1813), and is only to be recovered with the principal by action; it does not constitute a debt capable of a distinct claim. Acceptance, therefore, without action of the sum awarded, in full payment of the principal, bars an action for such damages.

(Argued March 14, 1883 ; decided April 17, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made April 10, 1882, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiffs' complaint on trial.

This action was brought to recover interest alleged to be due and unpaid upon an award to Louisiana St. John, plaintiffs' testatrix, for damages to her land because of the widening of Broadway, which damages were awarded to her in proceedings instituted under the act (Chap. 890, Laws of 1869) authorizing that improvement.

---

* 76 N. Y. 262.    † 89 N. Y. (Mem ) 644.

The award was made July 5, 1872. The testatrix made a demand upon the comptroller for the same in December, 1872. In June, 1875, the comptroller paid the sum awarded, which was accepted by testatrix, who at the time gave a receipt at the foot of an account showing the amount awarded " as in full payment of the above account." She at the time served upon the comptroller a paper stating that she demanded interest from January 4, 1873, and protested against his refusal to pay such interest, and accepted said award under protest, " saving to herself all her rights in the premises."

Further facts appear in the opinion.

*Cecil Campbell Higgins* for appellants. Interest ran on the award from the time of demand of payment thereof by the testatrix. (*Spears* v. *Mayor, etc.*, 87 N. Y. 371.) Payment and acceptance of the award does not preclude plaintiffs' right to recover the interest then due thereon, the interest being demanded at the time, and payment of the principal without interest being accepted under protest. (*Jacot* v. *Emmet*, 11 Paige, 142; *Gillespie* v. *Mayor, etc.*, 3 Edw. Ch. 512; *Tillotson* v. *Preston*, 3 Johns. 229; *Johnson* v. *Brannan*, 5 id. 268; *Williams* v. *Houghtaling*, 3 Cow. 86; *Consequa* v. *Fanning*, 3 Johns. Ch. 587; *So. Cent. R. R. Co.* v. *Town of Moravia*, 61 Barb. 180–188; *People* v. *County of New York*, 5 Cow. 331; *Fake* v. *Eddy's Ex'rs*, 15 Wend. 76; *Luddington* v. *Miller*, 38 N. Y. Super. [6 J. & S.] 478; *Bender* v. *Bender*, 7 Barb. 561; *Craft* v. *Morrill*, 14 N. Y. 463; *Tenth Nat. B'k* v. *Mayor, etc.*, 4 Hun, 429; *S. C.*, 80 N. Y. 660.) The plaintiffs' legal right to recover in this action being established, they are not estopped from recovery by the receipt given by the testatrix. (*Geary* v. *Page*, 9 Bosw. 290; *Allen* v. *Roosevelt*, 14 Wend. 100; *Hawley* v. *Foote*, 19 id. 516; *Brooklyn B'k* v. *DeGraw*, 23 id. 342; *Tilton* v. *Alcott*, 16 Barb. 598; *Day* v. *Roth*, 18 N. Y. 448; *Hammond* v. *Christie*, 5 Rob. 166; *Ryan* v. *Ward*, 48 N. Y. 204; *Keeler* v. *Salisbury*, 33 id. 153; 46 id. 310; *People, ex rel. Kinney*, v. *Supervisors*, 58 Barb. 139; *Bunge* v. *Koop*, 48 N. Y. 225.) Where there

are more instruments than one in existence between the same parties, cotemporaneous and relating to the same subject-matter, they must be construed together, treated as one writing, and the rights of the parties then determined upon the proper construction thereof. (Greenleaf on Evidence, § 283; *Kittle & Chandler* v. *Massasoit Ins. Co.*, 56 Barb. 177; *Meriden Britt. Co.* v. *Zingson*, 48 N. Y. 251; *Jackson, ex dem. Watson*, v. *McKinney*, 3 Wend. 233; *Shaw* v. *Leavitt*, 3 Sandf. Ch. 178; *Mott* v. *Richtmyer*, 57 N. Y. 49, 65; *Connell* v. *Todd*, 2 Denio, 133; *Marsh* v. *Dodge*, 66 N. Y. 533; *Reynolds* v. *Commerce Ins. Co.*, 47 id. 605; *N. Y. D. D. Co.* v. *Stillman*, 30 id. 176; *Ford* v. *Belmont*, 7 Rob. 97, 508.)

*D. J. Dean* for respondent.    The payment of the principal sum awarded to the plaintiffs' testatrix as principal has satisfied her entire cause of action growing out of the award, and is a bar to recovery of interest thereon. (*Gillespie* v. *Mayor*, 3 Edw. Ch. 512; *Jacob* v. *Emmett*, 11 Paige, 142; *Johnston* v. *Brannan*, 5 Johns. 267; *Tillotson* v. *Preston*, 3 id. 299; *Consequa* v. *Fanning*, 3 Johns. Ch. 587; *Fake* v. *Eddy*, 15 Wend. 76; *Tenth Nat. B'k* v. *Mayor*, 4 Hun, 429; *S. C.*, 80 N. Y. 660; *People* v. *County of New York*, 5 Cow. 331; 1 Abbott's Dig. title "Application of Payments," 220; *Fleetwood* v. *Mayor*, 2 Sandf. 481.) Under any circumstances the city could become liable to pay interest upon the award only as damages for the wrongful detention of the sum awarded to the plaintiffs and for negligent default in the duty of payment. (*Ex parte Marlar*, 1 Atk. 151; *Watkins* v. *Morgan*, 6 C. & P. 661; *Cameron* v. *Smith*, 2 B. & Ald. 305; *Cook* v. *Fowler*, E. L. R., 7 H. L. Cas. 27; *Brewster* v. *Wakefield*, 22 How. 118–127; *Young* v. *Goodby*, 15 Wall. 562–565; *Burnhisel* v. *Firman*, 22 id. 170–176; *Nat. B'k Comm.* v. *Mech's' Nat. B'k*, 4 Otto, 437; *U. S.* v. *Sherman*, 8 id. 565, 567; *Van Rensselaer* v. *Jewett*, 2 Comst. 135–140; *Brainard* v. *Jones*, 18 N. Y. 35–37; *Hamilton* v. *Van Rensselaer*, 43 id. 244–246, 7; *Melick* v. *Knox*, 44 id. 676–680; *Eaton* v. *Poissonault*, 67 Me. 540; *Pearce* v. *Hennessy*, 10 R. I. 223; *Suffield Educ.*

*Soc'y* v. *Loomis*, 42 Conn. 570; *Ludwick* v. *Huntzinger*, 5 Watts & S. 51–59; *McLane* v. *Abrams*, 2 Nev. 99; *Hubbard* v. *Charlestown Branch R. R. Co.*, 11 Metc. 124–128.) It was a necessary part of the plaintiffs' case to prove that payment had been unjustly refused and the money unjustly detained, in order to establish a right to interest. (*U. S.* v. *Sherman*, 8 Otto, 565; *People* v. *Canal Comm'rs*, 5 Denio, 405; 67 N. Y. 94; *Spears* v. *Mayor*, 87 id. 359; *Astor* v. *Miller*, 2 Paige, 68; *Astor* v. *Hoyt*, 5 Wend. 602; *Coutant* v. *Catlin*, 2 Sandf. Ch. 485.)

DANFORTH, J.    The report of commissioners appointed to estimate damages incurred by reason of the widening of Broadway was duly confirmed on the 5th of July, 1872, and included an award to plaintiff's testatrix of $23,041, by way of damages to her land, but it also stated that the premises were incumbered by mortgage in the sum of $10,000, and it is now conceded that the amount of the mortgage debt was in fact $8,000.    It does not appear when the exact sum was ascertained, or the property taken for the improvement relieved from the lien of the mortgage, or the release delivered to the defendants, but the account for which the testatrix acknowledged payment contains a certificate signed by the auditor of accounts, dated May 13, 1875, and this recites a release dated September 9, 1874.    There is no evidence that the defendant refused payment after that time, and without demand it could not be put in default or subjected to the payment of interest.    The demand relied upon by the plaintiffs was made on the 31st of December, 1872, and was for the full sum of $23,041.    No answer appears to have been made to that demand; at all events it was not complied with.

    Where, however, a demand is necessary as a foundation for a claim of interest, it must be a distinct demand for the sum of money to which the party is then entitled.    It is not enough that by some change in circumstance, brought about by his own act or the act of others, he may become entitled to it.    Here the demand included more than the plaintiffs could

justly claim, for until discharged of record the amount of the mortgage debt was to be withheld. Nor have the plaintiffs brought their case within the statute (Laws of 1869, chap. 890) regulating the proceedings under which the award was made. By this act (§ 1) all provisions of law then in force relative to opening, regulating and widening streets and avenues in New York city were made applicable to the improvement in question, and among others section. 183, chapter 86 of the Laws of 1813. By the terms of this section damages awarded are directed to be paid by the corporation within four months after confirmation of the report of the commissioners, "and in case of neglect or default" in so doing, leave is given to the party entitled thereto "to sue for and recover the same with lawful interest from and after the said application therefor, and the costs of the suit." No other provision is made for the accruing or running of interest, and it was in no sense incident to or part of the original award. It is given as damages for non-payment or detention of the money awarded, and does not constitute a debt capable of a distinct claim. (*Dixon* v. *Parkes,* 1 Esp. 110; *Churcher* v. *Stinger,* 2 B. & Ad. 777.) It could only be recovered with the principal by action. Acceptance, therefore, of the sum awarded in full payment of the principal prevents an action for those damages. If the plaintiff meant to have demanded the interest, she ought not to have received the principal. In the face of that fact, protest against the refusal of the defendant to pay interest is of no importance. (*Fleetwood* v. *The City of New York,* 2 Sandf. 481; *Forrest* v. *The City of New York,* 13 Abb. Pr. 350.) In the cases cited, the plaintiffs sought to recover back money paid under an assessment for city improvements. The payment was made under protest, the plaintiffs alleging that the assessment was illegal, but the court held that the plaintiffs could not recover, saying, "where there is no legal compulsion, a party yielding to the assertion of an adverse claim cannot detract from the force of his concession by saying I object or I protest. The payment nullifies the protest

·as effectually as it obviates the previous denial and contestation of the claim." So in the case before us. Here the demand by the plaintiff of interest in addition to the amount of the award from January 4, 1873, and protest against the refusal of the defendant's comptroller to pay such interest with the award can amount to nothing in view of the fact that she knowingly accepted the award without interest, at the same time acknowledging payment in full of its amount. She might have refused to accept the award without interest; so the defendant could refuse to pay interest even for the purpose of effecting a settlement, but the concession indicated by an actual payment and an actual receipt of payment of principal without interest must be conclusive. The principle relied on by the plaintiffs that payment of part of a just debt furnishes no consideration for the discharge of the whole is inapplicable in the present case. There was no contract liability of the defendant for interest when the settlement was made. It could not become a debt against the defendant until judgment, and would then become due because allowed as damages.

The cases of *Tillotson* v. *Preston* (3 Johns. 229), *Johnston* v. *Brannan* (5 id. 268), *People* v. *County of New York* (5 Cow. 331), were cases in which there was no contract for the payment of interest, and it was held that it could only be recovered as damages for the non-payment of the principal debt when it became due, and that in such a case, if the party to whom the money was payable accepted the amount agreed to be paid in full satisfaction of the principal debt, he could not afterward maintain an action for the mere incidental damages which he had sustained by reason of the debt not having been paid at the time it became due. In *Tillotson* v. *Preston* (*supra*), the court say, "if the plaintiff accepted the principal he cannot afterward bring an action for the interest." In *Hamilton* v. *Van Rensselaer* (43 N. Y. 244), it is said that when interest is only recoverable as damages after default in the payment of the principal, the receipt of the principal debt is a bar to the claim for such interest.

If, by reason of the refusal of the defendant to pay interest,

and persistence of the plaintiffs' testator in demanding it, a suit had been brought, interest could undoubtedly have been recovered from the time a proper demand of payment had been made. But having settled without action, and actually accepted the money in full payment of the principal, the interest cannot, by any disclaimer or protest on the part of the plaintiffs' testator be made the subject of a distinct claim; nor could she, by any avowed reservation, create a right which had no existence. The complaint, therefore, was properly dismissed, and the judgment appealed from should be affirmed.

All concur, except RAPALLO and EARL, JJ., dissenting.

Judgment affirmed.