Bliss agt. Wallis.

---

## SUPREME COURT.

### DARIUS M. BLISS agt. HAMILTON WALLIS and others.

*Mortgage foreclosure — Allowance — Duress — Voluntary payment — When cannot be recovered back.*

Upon the application of plaintiff, proceedings for the foreclosure of a mortgage were stayed, the plaintiff, although not a party to the mortgage, but liable on the bond, undertaking to pay the same by a certain day. Before the day named he procured a person to take an assignment of the mortgage. The defendants, the attorneys of the mortgagees, agreed to have the mortgage assigned, the plaintiff to pay the costs and expenses of the foreclosure suit. The defendants included in such costs and expenses an item of two and one-half per cent, amounting to $137.50, in the nature of an allowance, which plaintiff disputed, and it was reduced by defendants to $100, to which they claimed to be entitled, which latter sum was paid by the plaintiff, he, however, at the time protesting that it was illegally and wrongfully exacted. In an action brought to recover back the sum so paid:

*Held*, that it could not be recovered back, as paid under duress.

*New York Circuit, April, 1885.*

· UPON the application of the plaintiff, proceedings in an action for the foreclosure of a mortgage were stayed, the plaintiff, although not a party to the mortgage, but liable on the bond, undertaking to pay the same by a certain day.

Before the day named, however, he procured a person to take an assignment of the mortgage.

The defendants, the attorneys of the mortgagees, agreed to have the mortgage assigned, the plaintiff to pay the costs and expenses of the foreclosure suit.

The defendants, upon presenting their claim for the costs and expenses of the suit, included an item of two and one-half per cent on the amount due on the mortgage, in the nature of an allowance.

' This item, amounting to $137.50, was disputed by the plaintiff. It was reduced by the defendants to $100, and to which they claimed to be entitled.

This sum of $100 was paid by the plaintiff, he, however, at the time protesting that it was illegally and wrongfully exacted.

This action is brought to recover back the sum so paid.

*Rufus L. Scott*, for plaintiff.

*Walter C. Gibson*, for defendants.

VAN VORST, *J.*—It is not necessary to decide absolutely, whether the defendants were entitled to demand or receive from the plaintiff the sum of $100 as an allowance in the foreclosure suit which was settled before judgment and after the summons had been served on one of the defendants only.

The plaintiff had agreed to pay the costs of the action. That would include any *legal* allowance contemplated by the statute.

The defendants, the attorneys for the plaintiff in the foreclosure suit, demanded in addition to the items of costs and charges, which were specially given, a further allowance of $137.50.

This allowance they claimed under section 3253 of the Code.

But that section of the Code leaves such further allowance to the discretion of the court.

The plaintiff offered·to leave the question to the court. This the defendant refused, and insisted upon his right. In the end, however, they offered to· take $100, and it was paid by the plaintiff under protest.

The defendants declined to close the transaction, or give an assignment of the mortgage unless the costs and allowance were paid.

In order to get the assignment the plaintiff was obliged to pay the sum demanded.

There was no payment of money under any mistake of law or fact. Each party understood the transaction. A legal right was asserted by one party, and in the end, although under protest, acquiesced in by the other. Acquiesced in is, however, hardly the word. The plaintiff, while disputing the defendant's right to it, still paid the money.

*Windbiel* agt. *Carroll* (16 *Hun*, 101), seems to be a hard case. Thorne, the plaintiff, had assumed the payment of a mortgage. On a settlement with the mortgagees he claimed a credit of $200, alleged to have been paid thereon by the mortgagor. The credit was refused. Plaintiff paid the sum in dispute, protesting that he would at once bring an action to recover it back, and he brought such action. On the trial a receipt was produced for a part of the sum claimed to have been paid.

The court said : " The plaintiff, therefore, when he paid the bond and mortgage, knew or believed that he was paying more than he was owing. The very fact on which he now seeks to recover was known to him and insisted upon by him at the time, and he made the payment with the intention of suing to recover part of it back again." . The plaintiff was not allowed to recover.

But it is urged that the plaintiff paid under *duress*. I know of no case where *duress* has been ,applied to such a transaction as the one we are now considering. There was no duress of goods or property, of the plaintiff. The mortgage belonged to

Bliss agt. Wallis.

another. The plaintiff had engaged to pay it. In fact he was liable on the bonds to which the mortgage was collateral. He could have tendered the amount due upon the mortgage, with the costs of the suit, and the mortgagee would have refused to receive it at his peril.

But a tender would have effectually protected the plaintiff. He wanted, however, an assignment of the mortgage. The mortgagee was not obliged to give an assignment, but he had agreed to do so. It was doubtless a convenience and advantage to the plaintiff to obtain an assignment and extension from the assignee of payment of the mortgage. But the assignment could, as it appears, be only had upon the payment of the amount of the mortgage to the mortgagee, and the costs and charges claimed by his attorney.

The defendant was not absolutely obliged to pay the sum demanded. He could, having made a tender, have withdrawn, and allowed the foreclosure suit to proceed upon his plea of tender, and his rights would have been guarded.

The cases where a person had been obliged to pay an unjust demand in order to get possession of goods or other property which he owned, or to the possession of which he was entitled, have no analogy to this action. *Scholey* agt. *Mumford* (60 *N. Y.*, 498), is an illustration of a payment made under duress which was allowed to be recovered back.

In the case before us the right of the defendants to the sum in question, as a matter of law, was disputed. It was, nevertheless, paid. I do not think that it can be recovered back as paid under duress. The plaintiff's complaint must be dismissed.

The judgment was affirmed on appeal.

Note. —*Allowance under duress and voluntary payments.* —As to allowances in foreclosure actions, when discretionary, see section 3253 Code of Civil Procedure; upon subject generally and when allowances will be granted, sections 307, 308 of old Code, sections 3251, 3252 new Code; *McDonald* agt. *Mallory* (46 *Superior Ct. R.* 58); when can be granted only upon the entry of final judgment, *De Stuckle* agt. *Tehuantepec Railway Co.* (30 *Hun*, 34); *Lockman* agt. *Ellis* (58 *How. Pr. R.*, 100); Rule 44.

Beal agt. N. Y. C. and H. R. R. Co.

*Duress.*—*Wallach* agt. *Hoexter and others* (*ante p.* 196). There can be no duress as to land (*Fleetwood* agt. *City of New York,* 2 *Sandf.,* 479).

*Voluntary payments* cannot be recovered back (*Mowatt* agt. *Wright,* 1 *Wend.,* 355; *Flower* agt. *Lance,* 59 *N. Y.,* 603; *Supervisors* agt. *Briggs,* 2 *Denio,* 39; *Windbiel* agt. *Carroll,* 16 *Hun,* 101).—[ED.