MARGARET DEVLIN, RESPONDENT, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Interest — acceptance of the principal bars any recovery for interest — rule applied to an award made by the officers of a municipality.*

The commissioners of assessment of the city of New York made an award to the owner of certain real estate in proceedings for the taking thereof under the exercise of the right of eminent domain.   The owner accepted the principal sum awarded, but demanded interest and reserved all claims therefor.

*Held*, that the acceptance of the principal sum prevented any subsequent recovery for interest thereon.

APPEAL by the defendants, the Mayor, Aldermen and Commonalty of the City of New York, from a judgment, entered in the clerk's office of the city of New York on the 9th day of January, 1891, in favor of the plaintiff for $949.38 damages and costs, after a trial at the New York Circuit before the court and a jury.

*T. Connoly*, for the appellant.

*G. E. Souther*, for the respondent.

VAN BRUNT, P. J.:

On the 5th day of July, 1889, there was awarded to the plaintiff, in proceedings to condemn certain property for school purposes for certain lots owned by her, the sum of $61,500.   At this time said lots were mortgaged for various sums.   No satisfaction pieces of these mortgages were delivered or tendered to the comptroller prior to the 20th of September, 1889, although it is claimed that demands for the payment of this award were made prior to that

time. On said last-mentioned date satisfaction pieces of the mortgages and a quit-claim deed of the premises were delivered to the comptroller, and upon such delivery the comptroller gave a warrant for the face of the award, payable to the order of the plaintiff. At the time of the receipt of this warrant, and of the delivery of the quit-claim deed and satisfaction pieces, the plaintiff filed a paper with the comptroller, stating that the same were delivered under protest and with the distinct understanding that all rights were reserved, on behalf of the owner and the mortgagees, for the recovery of interest upon the amount of the award from the date of its confirmation. Thereupon this action was brought to recover said interest; and, upon the foregoing facts, the court directed a verdict for said interest, with interest from the 20th of September, 1889, and from the judgment thereupon entered this appeal is taken.

It seems to us that the acceptance of the principal by the plaintiff prevents an action for the recovery of interest.

If the plaintiff meant to demand the interest, she ought not to have received the principal. The fact that she protested against the denial of the interest can have no effect, because in face of the fact of receiving the principal a protest against the refusal of the defendant to pay interest is of no consequence.

Since the year 1794 it has been the rule that where the principal has been paid there can be no recovery of interest. (*Dixon* v. *Parkes*, 1 Esp., 110.) This rule has been repeatedly recognized in the courts of this State, notably in the cases of *Cutter* v. *Mayor* (92 N. Y., 166) and *Hamilton* v. *Van Rensselaer* (43 id., 244) and the cases therein cited.

If it is said that the case of *Cutter* v. *Mayor* is no authority because of the form of the receipt, it is to be observed that all that the receipt did was to receipt in full an account simply showing the amount of the award without anything in reference to the interest at all; the receipt being "in full payment of the above account." Therefore, the use of the words "in full payment" only referred to the amount received, and had nothing to do with the disputed item of interest.

It is evident that, under the acts under which those proceedings were taken, the interest is given as damages for non-payment or detention of the amount awarded, and does not constitute a debt

capable of a distinct claim, precisely the same as was held in the case of *Cutter* v. *Mayor*.

We think, therefore, under the principles laid down in the cases cited, that the plaintiff having received the principal, although she did protest against accepting, yet, notwithstanding such protest, having accepted, she cannot now recover that which was a mere incident of the award, namely, the interest for the detention of the same.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

DANIELS, J.:

The plaintiff had no right to receive the award until the incumbrances on her property were discharged. Then, for the first time, the money was due to her, and then it was paid. There being no default in payment on the part of the city, the plaintiff was not entitled to interest.

For this reason, also, I agree to the reversal of the judgment and the direction for a new trial.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.