(Superior Court of Cincinnati, Ohio, Special Term.)

### ISAAC GRAVESON v. THE ODD FELLOWS' TEMPLE COMPANY.

1. Interest is of two kinds: (1). That which is given by reason of the contract providing for the same. It is a substantive part of the debt, as much so as the principal, for both were contracted for. (2). That which is given by way of damages and is incidental to the debt.
2. Where the interest is contractual, the acceptance of the principal by the creditor does not bar the right to recover the interest; but where the interest is given by way of damages, the acceptance of the principal is a waiver of the right to recover interest.
3. The above principles are not affected by our statutes relating to interest which in the main are intended to fix the rate of interest.

SMITH, J.

The plaintiff entered into a contract with the defendant for the erection of a building known as The Odd Fellows Temple, the contract price for the same being over $100,000.

It was provided in the contract that the work was to be paid for from time to time as it progressed upon the estimate and certificate of the architect. Accordingly, from time to time such estimates and certificates were given to plaintiff, who presented them to the secretary, who gave him an order on the treasurer for the payment of the same.

It appears, however, that after the estimates and certificates of the architect were left with the secretary, he did not immediately draw his order on the treasurer, but waited for the approval of the Board of Directors, and that this interval of time varied, running from a few days in some cases to a much longer period in others. It also appears in most cases that after the secretary had drawn his order upon the treasurer, the treasurer was unable to pay them for lack of funds, and the plaintiff was delayed in the receipt of his money, sometimes for a few weeks, but more frequently for a longer period of time.

The plaintiff had frequent conversations with the treasurer in regard to interest which he claims was due him upon these estimates, claiming that he was entitled to interest on the same either from the time of the delivery of the estimate by the architect, or from the date of the presentation of the secretary's order to the treasurer. The treasurer, while sympathizing with the plaintiff in his claim, contended that he had no authority to pay interest, and that the matter would have to be determined by the Board of Directors. Notwithstanding the plaintiff's claim that he was entitled to interest, he accepted from time to time payment of the amounts called for by the orders, and surrendered up the same to the treasurer.

The plaintiff brings this action to recover the interest which he claims should have been paid to him. The defense is that by acceptance of the principal of each order the plaintiff waived his right to interest.

Interest is of two kinds—1st: That which is given by reason of the contract providing for the same, and—2nd: That which is given by way of damages. Thus in Perley on Interest, Page 5, it is stated that:

"Contractual interest is not given as damages, nor as the incident of the debt pro tanto. It is the debt itself, a substantive part of it as much so as the principal, for both were contracted for, and can be recovered as a matter of right; while interest that is given as damages is simply incidental to the debt, and does not follow it as of right."

In view of this distinction between the two kinds of interest, the authorities seem to be uniform to the effect that where the interest is contractual, upon the acceptance by the creditor of the principal the right to recover the interest still remains; but where the interest is given by

way of damages, the acceptance of the principal is a waiver of the right to claim interest; and that subsequently no action can be maintained for the same.

This principle is stated in King v. Phillips, 95 N. C., 245, as follows:

"But when interest is stipulated for in the contract, it is as much a part of the debt as the principal itself. 1 Daniel on Neg. Ins. 919; 2 Edwards on Bills and Notes § 1012; Boodily v. Bellam, 2 Burr, 1096; Southern Central R. R.. Co. v. The Town of Moravig, 61 Barb., 180; Fake v. Eddy, 15 Wend. 76, and Bledsoe v. Nixon, 169 N. C. 80; where the distinction is clearly stated. It was there held: "When there is no agreement to pay interest, interest when allowable is allowed not as a part of the contract, but as an incident and by way of damages for the default to make the creditor good for the loss he has sustained by reason of the breach of contract." In this class of cases, it has always been held that after the principal of the debt has been paid and received in full, no action could be maintained to recover interest; the reason being, that interest in such cases being a mere incident, cannot exist without the debt, and the debt being extinguished, the interest must necessarily be extinguished also.

A distinction has been made between such cases and those where interest is payable by the terms of the contract. In the latter case, the interest is as much a part of the contract as the principal, and not a mere incident; consequently there is no reason why in such case the interest may not be recovered even after the principal has been paid." See also, Tillotson v. Preston, 3 Johnson 229; Dickson v. Parks, 1 Espinasse, 110; Jacks v. Emmett, 11 Paige 142; Ellsworth v. Fogg & Harvey, 35 Vt. 355.

It also appears from the authorities, in that class of cases in which the receipt of the principal is a waiver of the interest, that it is immaterial that protest is made at the time of its receipt. In the case of Cutter et al. v. The Mayor etc. of N. Y., 92 New York Reports, 170; in which the effect of a protest was considered, it was said:

The interest "is given as damages for non-payment or detention of the money awarded, and does not constitute a debt capable of a distinct claim. It could only be recovered with the principal by action. Acceptance therefore of the sum awarded in full payment of the principal prevents an action for those damages. If the plaintiff meant to have demanded the interest, she ought not to have received the principal. In the face of that fact, protest against the refusal of the defendant to pay interest is of no importance. (Fleetwood v. The City of New York, 2 Sandf. 481; Forrest v. The City of New York, (13 Abb. Pr., 350.)"

In view of the principles governing the acceptance of the principal without the interest, and in view of the fact that the contract between plaintiff and defendant made no provision for the payment of interest upon defaulted payments, the law would seem to be settled that the plaintiff in this case, by the acceptance of the principal of each installment, waived his rirght to subsequently claim any interest due upon the same, and that the fact that he was continually making claim for the interest did not prevent such waiver.

It is contended by the defendants, however, that all contracts in this state must be read as though the statutes relating to interest were imported into them; and that so read, the contract between these parties stipulated for interest upon any defaulted payment.

[COPYRIGHT, 1897, BY CARL G. JAHN.]

The sections of the statute relating to interest, are § 3179 to § 3183 (inc.). Section 3179 provides that parties may stipulate for the payment of interest at any rate not exceeding eight per cent. Section 3180 provides that all judgments upon contracts made as provided in § 3179, shall bear eight per cent interest.

Section 3181 reads as follows: "In cases other than those provided for in the two preceding sections when money becomes due and payable upon any bond, bill, note or other instrument of writing hereafter made, upon any book account, or settlement hereafter made between parties, upon all verbal contracts hereafter entered into, and upon all judgments, decrees and orders of any judicial tribunal for the payment of money arising out of a contract hereafter made or other transaction which hereafter occurs, the creditor shall be entitled to interest at the rate of six per cent. per annum, and no more." Section 3182 provides that contracts entered into before the passage of the law fixing the rate of interest shall not be affected by such law. Section 3183, relates to the subject of usury.

The contention of the plaintiff is that by force of the provisions of Sec. 3183, all interest in this state is made contractual, and therefore the acceptance of the principal of a debt does not operate as a waiver of the interest.

In construing this section, the rule of construction must not be overlooked, that acts to regulate interest on money are in derogation of the common law, and must be strictly construed. Raun v. Reynolds, 11 Cal. 15. But aside from this rule of construction I am not able to find in this section either read by itself or in connection with the other sections with which it is associated, any intention upon the part of the legislature other than to fix and limit the legal rate of interest at six per cent., and this construction is confirmed by the last clause which declares that "the creditor shall be entitled to interest at the rate of six per cent. per annum, and no more."

If the intention of the legislature were to alter the law governing the rights of parties to receive interest and thus to change the common law upon that subject, it seems to me that it would have employed language quite different from that which it has employed.

In Hamilton v. Van Renselaer, 43 N. Y., 246, the same argument as is made in this case was made as to the effect of the New York interest statute; but the court of appeals held that the statute had no such effect, its sole purpose being to fix the rate of interest. Thus, it is there said: "If Waddington was sued upon the bond for not paying the principal, damages for non-performance would be awarded against him in accordance with the principal, in other cases of breach of contract. That these damages are fixed at the legal rate of interest, does not change the character of the recovery; it only establishes the measure or rate of compensation for the damages. And when interest is only recoverable as damages after the default in the payment of the principal, the receipt of the principal debt is a bar to the claim for such interest."

The only case cited by plaintiff which requires any special notice, is, that of Smith v. The City of Buffalo, 39 N. Y. Supplement page 881.

That was an action brought by contractors for interest on account of work done under contract with the city of Buffalo. Prior to the making of the contract, the city of Buffalo, by resolution of its own common council. had declared generally with reference to contracts made with it,

"That the comptroller be and he is hereby directed to include in the estimates a sum sufficient to pay the interest on all claims for sewer repairs from six months after the date of the credit of said bills respectively to the dates when the warrants were drawn, or probably would be drawn, in favor of the contract upon the district sewer assessment for the amount of said bill."

In deciding that by the acceptance of the principal the contractors did not waive interest, the court said:

"The resolution therefore became an enactment importing in these demands, interest, not as damages but as part of the compensation to which the contractors became entitled," and the court held that the city of Buafflo was bound by this resolution of its own, as it would be presumed the parties had contracted with reference to it.

I think that case is quite different from the one at bar.

In my opinion the acceptance of the principal called for by the orders, and the surrender of the orders to the treasurer amounted in law to a waiver of the right to subsequently claim interest upon such order and that so far as this action seeks to recover such interest the plaintiff must fail.

J. Ledyard Lincoln, for Plaintiff.

L. C. Black, for Defendant.