ROBERT H. FISHER et al., Appellants, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

In order to maintain an action against the corporation of the city of New York to recover an award for lands taken for a street improvement, under the provisions of the act of 1813 (§ 183, chap. 86, Laws of 1813), it is not necessary that the name of the plaintiff appear as owner in the report of the commissioners of estimate and assessment. Where the award is to "unknown owners" (§ 178), in default of payment after application to the common council, it may be sued for and recovered by one making proof of his right and title thereto.

The provision of said act (§ 184) authorizing the corporation in such case to pay the money into court, does not prevent an action to recover the award or bar such recovery, unless the payment was actually made and the same is interposed as a defence and proved upon the trial.

(Argued January 12, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendants entered on the report of a referee.

The nature of the action and the facts material to the points discussed sufficiently appear in the opinion.

*John H. Bergen* for the appellants. Plaintiffs have a cause of action against defendants. (2 R. L., 1801, p. 158, § 22; id., 418, § 183; *McCullough* v. *Mayor of Bklyn.*, 23 Wend., 458; *Stafford* v. *Mayor of Albany*, 6 J. R., 1; 7 id., 541; *Beard* v. *City of Bklyn.*, 31 Barb., 149; *West* v. *Brockport*, 16 N. Y., 161, note; *Buck* v. *City of Lockport*, 6 Lans., 251, and cases cited.) Plaintiffs' claim is not barred by the statute of limitations. (Smith's Com., § 603; 3 Abb. Dig., 721, § 85; 12 Barb., 298; 3 J. Ch., 190, 384.) The assessment of 1837 is barred by lapse of time. (*Mayor* v. *Colgate*, 2 Kern., 140, 148, 156.)

*E. Delafield Smith* for the respondents. The action does not lie against the corporation. (Chap. 86, Laws 1813, §§ 183,

184.)   The proper procedure is by mandamus to compel the payment of the moneys into court.   (*Lake* v. *Trustees of Wmsburgh.*, 4 Den., 520 ; *McCullough* v. *Mayor*, 23 Wend., 458 ; *Richardson* v. *City of Bklyn.*, 34 Barb., 570 ; *Bearch* v. *City of Bklyn.*, 31 id., 142 ; *Hunt* v. *Utica*, 18 N. Y., 442.)

LOTT, Ch. C.    This action was brought by the plaintiffs against the defendants to recover the balance of an award made for property of the plaintiffs in the city of New York, taken in or about 1869, on the widening of Worth street, in that city, under proceedings instituted by the defendants for that purpose.   The amount of the award was $13,800, and was awarded to " unknown owners."

It appears, by the report of the referee who tried the case, that the defendants, in or about April, 1862, paid into the Supreme Court the sum of $11,059.43, part of the said award, to the credit of " unknown owners," and that the said sum has since been paid to the plaintiffs on their application, and that they have neglected and refused to pay the sum of $2,740.57, being the residue of the award, into the said court, on a claim to retain the same for the payment of an assessment on the premises taken for widening Center street, imposed in 1837, with interest thereon.   He, after finding certain other facts, immaterial to the decision of the appeal, found that the plaintiffs, at the time of the taking of said land by the defendants as above stated, were in the possession thereof in fee ; and he then, after deciding that the claim of the defendants to retain such balance for the purpose of paying the assessment was barred by the presumption of its payment arising from the lapse of time, found, further, as a conclusion of law, that the plaintiffs had no cause of action for the lands taken, for the reason that the award is made by the report of the commissioners to " unknown owners," and the statute affords an action against the defendants in favor only of the respective persons, etc., named in the report, and that, therefore, the defendants were entitled to judgment against the plaintiffs dismissing their complaint, with costs.

The General Term affirmed that decision, holding that no action for the money could be brought against the city for the award.

This view of the liability of the defendants is erroneous. The statute, under which the street was opened (2 Rev. Laws of 1813, pp. 413, etc., § 178), declares, that on the final confirmation of the report of the commissioners by the court, the mayor, aldermen and commonalty of the city of New York shall become and be seized in fee of all the lands, tenements, hereditaments and premises, in the said report mentioned, that shall or may be required for the improvement to which it relates, and may, immediately or at any time or times thereafter, take possession of the same, or any part or parts thereof, without any suit or proceeding at law for that purpose. That section also provides that " in all and each and every case and cases, where the owners and parties interested, or their respective estates and interests are unknown, or not fully known to the said commissioners, it shall be sufficient for them to estimate and assess, and to set forth and state in their said report in general terms, the respective sums to be allowed and paid to or by the owners and proprietors generally of such said lands, tenements, hereditaments and premises, and parties interested therein, for the loss and damage, or for the benefit and advantage, as the case may be, to such owners, proprietors and parties interested in respect of the whole estate and interest of whomsoever may be entitled unto or interested in the said lands, tenements, hereditaments and premises, respectively, by, and in consequence of the said operation and improvement," etc.,  *  *  * " without specifying the names or the estates or interests of such owners, proprietors and parties interested, or of any or either of them." And, it is declared, that the report, when confirmed by the court, " shall be final and conclusive, as well upon the mayor, aldermen and commonalty of the city of New York, as upon the owners, lessees, persons and parties interested in and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report ; and, also, upon all other persons whomsoever."

Sections 183 and 184 of the statute direct the payment of awards to the parties entitled thereto, and also prescribe and provide the proceedings to be had for the collection and enforcement thereof, and the means by which the defendants can be relieved and discharged from liability therefor; and, as the referee and the General Term have erroneously, as I think, construed the provisions of those sections, and as they are so connected with each other as to require the examination of each, I deem it expedient, as the most convenient method of referring to them to set them forth verbatim. They are as follows, viz. :

"183. *And be it further enacted,*

"That the said mayor, aldermen and commonalty, shall, within four calendar months after the confirmation of the report of the commissioners in the premises by the court, pay to the respective persons and bodies politic or corporate, mentioned or referred to in the said report, in whose favor any sum or sums of money shall be estimated and reported by the said commissioners, the respective sum or sums so estimated and reported in their favor respectively; and in case of neglect or default in the payment of the same within the time aforesaid, the respective person or persons, or party or parties, in whose favor the same shall be so reported, his, her, or their executors, administrators or successors, at any time or times after application first made by him, her or them, to the said mayor, aldermen and commonalty, in common council convened, for payment thereof, may sue for and recover the same, with lawful interest, from and after the said application therefor, and the costs of suit, in any proper form of action, against the said mayor, aldermen and commonalty, in any court having cognizance thereof, and in which it shall be sufficient to declare generally for so much money due to the plaintiff or plaintiffs therein by virtue of this act, for premises taken for the purposes herein mentioned; and it shall be lawful for the plaintiff or plaintiffs to give any special matter in evidence under such general declaration, and this act, and the report of the said commissioners, *with proof of the right*

*and title of the plaintiff or plaintiffs* to the sum or sums demanded shall be conclusive evidence in such suit or action ; provided,

" 184. *And be it further enacted,*

" That whenever the owners and proprietors of any such lands, tenements, hereditaments and premises, so to be taken for any of the purposes aforesaid, or the party or parties, person or persons interested therein, or any or either of them, the said owners, proprietors, parties or persons, in whose favor any such sum or sums or compensation shall be so reported, shall be under the age of twenty-one years, *non compos mentis, feme covert,* or absent from the city of New York; and also in all cases where the name or names of the owner or owners, parties or persons entitled unto, or interested in any lands, tenements, hereditaments or premises, that may be so taken for any of the purposes aforesaid, shall not be set forth or mentioned in the said report, or where the said owners, parties or persons, respectively being named therein, cannot upon diligent inquiry be found, it shall be lawful for the said mayor, aldermen and commonalty to pay the sum or sums mentioned in the said report, payable, or that would be coming to such owners, proprietors, parties and persons respectively, into the said Supreme Court of judicature, to be secured, disposed of, and improved, as the said court shall direct; and such payment shall be as valid and effectual, in all respects, as if made to the said owners, proprietors, parties and persons respectively, themselves, according to their just rights, if they had been known, and had all been present, of full age, discovert and *compos mentis. And provided also,* that in all and each and every case and cases, where any such sum or sums, or compensation so to be reported by the said commissioners in favor of any person or persons, or party or parties whatsoever, whether named or not named in the said report, shall be paid to any person or persons, or party or parties whomsoever, when the same shall of right belong, and ought to have been paid to some other person or persons, or party or parties, it shall be lawful for

the person or persons, or party or parties, to whom the same ought to have been paid, to sue for and recover the same, with lawful interest and costs of suit, as so much money had, and received to his, her or their use by the person or persons, party or parties, respectively, to whom they shall have been so paid."

It is made the duty of the defendants, by section 183, to pay the amounts awarded by the commissioners, as confirmed by the court (which, by section 178, hereinbefore referred to, are declared to be final and conclusive on all persons), " to the respective persons and bodies politic or corporate mentioned or *referred to* in the said report, in whose favor any sum or sums of money shall be estimated and reported by the said commissioners," within four calendar months after the confirmation of their report. The awards create a debt, payable by the city within the specified time mentioned and in case of neglect or default of such payment, the parties in whose favor the said sums are so reported, may, after application therefor to the defendants, in common council convened, sue for the same, and the said statute, and the report of the said commissioners, "*with proof of the right and title of the plaintiff or plaintiffs to the sum or sums demanded,* shall be conclusive evidence in such suit or action." It is not necessary that such persons or bodies shall be mentioned by name; it is sufficient that they be *referred to,* in general terms, as authorized and permitted by said section 178; and it is made incumbent, by said section 183, on the claimant, to entitle him to a recovery, *to prove his right* and title to the money sought to be recovered. The necessity of making such *proof,* shows that the designation of the parties, to whom the awards are made, *by name,* is immaterial and is not deemed a condition precedent to a right of action. Section 184 — which is, in fact, by its terms, a proviso to the previous section — is not inconsistent with the views above expressed, but is in perfect harmony therewith. It permits and authorizes the defendants, where the parties entitled to such award shall be under

the age of twenty-one years, *non compos mentis, feme covert,* or absent from the city of New York, and also, in all cases where the name or names of the owner or owners, parties or persons entitled to, or interested in any lands, tenements, hereditaments or premises, shall not be set forth or mentioned in the said report, or where the owners, parties or persons named, upon diligent inquiry, cannot be found, to pay the sums so awarded and payable, or that would be coming to them, into the Supreme Court, to be secured, disposed of and improved, as the said court shall direct; and it is declared that "such payment shall be as valid and effectual, in all respects, as if made to the said owners, proprietors, parties and persons, respectively, themselves, according to their just rights, if they had been known and had all been present, of full age, discovert, and *compos mentis,*" This provision is one that gives the defendants the right and privilege of protecting themselves from an action, by payment as thereby provided; but it does not prevent an action to recover an award or operate as a bar to a recovery thereof unless such payment is actually made and interposed as a defence, and proven on the trial. In the case under review it is, as hereinbefore stated, found, in express terms, by the referee, that the defendants have " neglected and refused to pay into court the sum of $2,740.57, the residue of the said sum of $13,800, awarded as aforesaid." He does not justify or excuse such neglect and refusal, but places his decision on the *sole* ground that the statute, above referred to, " affords an action against the defendants, in favor only of the respective parties, etc., *named* in the report." This is, as I have shown, erroneous. It is, claimed, however, by the defendants' counsel, in his points, that " if the plaintiffs had a right of action for the award, it is now barred by the statute of limitations." That ground of defence is also set up by the defendants' answer. It is sufficient to say, in reference to that question, that there is no finding of fact or law, by the referee, on the subject, nor any reference by him to it in his report; nor, is there any

evidence whatever set forth in the case. The question is, therefore, not presented on this appeal.

It follows, from the views above expressed, that the referee erred in the dismissal of the complaint, and that the judgment entered thereon must be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.