MARGARET A. DICKINSON, RESPONDENT, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANTS.

*Statute of limitations — when an action for a personal injury is founded on negligence — Code of Civil Procedure, secs. 382, 383, 410 — 1873, chap. 335, sec. 105 — when the statute begins to run on a claim against the city.*

The plaintiff brought this action against the city of New York to recover the damages sustained by reason of her slipping and falling upon ice or snow, negligently, carelessly and wrongfully suffered to be and remain upon a cross-walk in the city, by the defendant.

*Held,* that the action was to recover damages "for a personal injury resulting from negligence" within the meaning of section 383 of the Code of Civil Procedure, and must be brought within three years after the cause of action accrued.

Section 105 of chapter 335 of 1873, provides that "no action shall be maintained against the mayor, aldermen and commonalty of the city of New York, unless the claim on which the action is brought has been presented to the comptroller, and he has neglected for thirty days after such presentation to pay the same." Section 410 of the Code of Civil Procedure provides that where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete.

*Held,* that the statute of limitations began to run upon a claim against the city thirty days from the time when the demand might reasonably have been made to the comptroller.

APPEAL from a judgment in favor of plaintiff, entered on an order sustaining a demurrer to one of the defenses set up in the answer of the defendants.

*D. J. Dean,* for the appellants.

*C. A. H. Bartlett,* for the respondent.

DAVIS, P. J.:

The complaint in this case, among other things, alleges that the Eighth avenue in the city of New York is a public thoroughfare, and that it was and is the duty of the defendants to keep and maintain the streets and avenues of said city, including the said Eighth avenue, in good order and repair, and not to suffer ice or snow to be or remain in such rough and uneven condition on the cross-walks thereof as to be unsafe and dangerous to foot passengers, and that the defendants improperly, carelessly, negligently and unlawfully suffered ice or snow to be and remain upon the cross-walk on the east side of Eighth avenue, at the intersection of Eighteenth street, in the city of New York, in such a rough and uneven condition that a person could not walk over it without danger of falling down; and that by reason thereof the plaintiff, on or about the 10th day of January, 1877, while lawfully passing over and upon said cross-walk, and without any fault on her part, was suddenly precipitated, cast and thrown upon the ground, thereby fracturing her left thigh or hip.

It then alleges the damages suffered by her, for which she claims to recover $15,000, and that on the 28th day of April, 1881, the plaintiff presented the claim on which this action is brought, in writing, to the comptroller of the city of New York, and demanded payment thereof, but that he has neglected, for thirty days after such presentation, to pay the same.

To this alleged cause of action the defendants, for their fourth answer, allege that more than three years have elapsed since the cause of action set forth in the complaint accrued, and that the right of the plaintiff to make the demand necessary to entitle her to maintain an action therefor, was complete more than three years before the commencement of this suit.

To this answer the plaintiff demurred. Two questions are pre-

sented by this demurrer, first, whether the cause of action set up in the complaint is subject to the provisions of section 382 of the Code of Civil Procedure, or to those of section 383. Section 382 provides, among other things, that " an action to recover damages for an injury to property or a personal injury " must be commenced within six years after the cause of action has accrued, " except in a case where a different period is expressly prescribed " in chapter 4 of the Code. Section 383 provides that " an action to recover damages for a personal injury resulting from negligence " must be commenced within three years after the cause of action has accrued.

The action set out in the complaint is undoubtedly one for personal injury, and the question to be determined is whether such injury is alleged by the complaint to have resulted from the negligence of the defendant, or from some wrongful act of the defendant independently of the question of negligence. A clear distinction between these causes of action is established by the authorities. (*Irvine* v. *Wood*, 51 N. Y., 228 ; *Muller* v. *McKesson*, 73 id., 204 ; *Clifford* v. *Dam*, 81 id., 56 ; *Sexton* v. *Zett*, 44 id., 431 ; *Creed* v. *Hartmann*, 29 id., 591 ; *Congreve* v. *Smith*, 18 id., 82.)

In all of these cases the cause of action arose from some wrongful act of the defendant which resulted in an injury to the plaintiff, independently of any question of negligence on the part of the defendant. They establish that it is not necessary, where a person unlawfully places an obstruction upon a public highway, by which another is injured, to prove that the wrongful act was negligently done. It is enough that it was done without lawful authority, or is wrongful in itself and has produced the injury complained of. But a quite different rule prevails where the injury arises from an omission to perform a lawful act, or duty, or from the negligent manner in which such an act or duty is performed. In that case, the negligence of the defendant is the gist of the action and must be affirmatively established, and the contributory negligence of the plaintiff constitutes a defense. The cause alleged in the complaint falls within this latter rule, because the city, in constructing and maintaining the cross-walk on which the plaintiff was injured, performed merely a lawful act and duty.

It is not alleged that the city authorities placed the ice or snow

upon the cross-walk, by means of which the plaintiff was injured. On the contrary, the snow or ice was deposited or formed upon the cross-walk by causes beyond the control of the defendant, and the allegations of the complaint only tend to show that the defendant neglected to perform, in due season and in proper manner, a duty, by removing the ice and snow from the walk. The negligence was wrongful, but only in the sense that all neglect of duty is wrongful, and if any injury was caused by such neglect of duty, it was the result of negligence, and not of a wrongful act within the meaning of the law as established by the authorities above cited. Hence, there seems to be no doubt that the action set out in the complaint in this case was one to recover " damages for a personal injury resulting from negligence." It is subject, therefore, to the provisions of section 383 of the Code, and the action must be commenced within three years after the cause of action has accrued.

The second question is as to the effect of section 105 of chapter 335 of the Laws of 1873, in connection with section 410 of the Code of Civil Procedure. It is conceded that the provision of the charter above referred to is still in force. That provision enacts that " no action shall be maintained against the mayor, aldermen and commonalty of the city of New York, unless the claim on which the action is brought has been presented to the comptroller, and he has neglected, for thirty days after such presentment, to pay the same."

The claim in this case is alleged to have been presented to the comptroller on the 28th of April, 1881, and it is alleged that the comptroller neglected to pay the same for thirty days before the action was commenced. It has been held in various cases that where the action is brought under this provision of the charter, the statute of limitations does not begin to run until the thirty days after such presentment have expired. (*Fisher* v. *Mayor*, 57 N. Y., 344; *Taylor* v. *Mayor*, 67 id., 87; *Van Wart* v. *Mayor*, 52 How., 78.)

The fact, therefore, that the demand was not presented until 1881 would be a complete answer to the alleged defense, were it not for the provisions of section 410 of the Code of Civil Procedure, which enacts that where a right exists, but a demand is necessary to entitle the person to maintain an action, the time within which

the action must be commenced must be computed from the time when the right to make the demand is complete. We think this provision is applicable to the case at bar. If it were not so, there would be no limitation in cases against the city, except at the option of the plaintiff, who could delay making his demand for an indefinite period of time, and so keep his cause of action alive until the death of witnesses or any other change of circumstances rendered a defense difficult or impossible. There are special reasons why demands of this character against the city should be required to be presented promptly and without unreasonable delay, because the city necessarily acts through official agents and servants, who are frequently changed.

We have no doubt that by section 410 the legislature intended to provide for such cases, and to prevent advantages from being taken of public authorities by long delays in making demands, which might otherwise ensue. The demand in this case, therefore, ought to have been made and the action brought within three years in order to maintain the action. The answer set up a good defense, and the demurrer should have been overruled.

The judgment must be reversed, and judgment ordered on the demurrer, with leave to amend upon the usual terms.

BRADY and DANIELS, JJ., concurred.

Judgment reversed; judgment ordered on demurrer; leave to amend on usual terms.