By the Court.—O’Gorman, J.
The plaintiff’s action against the mayor, &c., for recovery of the amount of the award made to unknown owners, was well brought (2 R. L. 1813, 183 ; Fisher v. Mayor, &c., 57 N. Y. 344).
After issue joined, the defendants paid to the city chamberlain the amount of the' award, and served on plaintiff an amended answer, in which the fact of that payment to the city chamberlain was set up as a defense. No tender of payment of this amount was made by the defendants to the plaintiff.
The action was referred to a referee to hear and determine, and the referee found in favor of the plaintiff, with costs.
Defendants claimed that the city was not chargeable with any costs or disbursements accrued since February *52 3, 1885, the date of the said payment by them into the hands of the city chamberlain. The question here is whether the defendants were right in that contention.
The payment of the amount of the award into the hands of the city chamberlain is not equivalent to payment to the plaintiff, and has only the effect of stopping the running of interest on the amount. It is only the transfer of the amount into the hands of the proper custodian, to be held by him for the benefit of whomsoever should prove himself to be legally entitled to payment. The payment of the award in the case at bar during the pendency of the action, did not terminate the action, or render its continuance to final judgment unnecessary to plaintiff’s assertion of his right to payment. The issue raised by the amended answer still remained to be determined, whether plaintiff was the person entitled to the money, and until that issue was determined in his favor, he could not get it. There is no process of law, other than an action, by which payment could be enforced (Re Hatch, 43 Super. Ct. 89.)
All the defendants gained by payment of the award into the hands of the city chamberlain, was cessation of the running of interest from that time. The right of the successful party to judgment in the action, and to costs of the action, was not affected by it.
Cutter v. Mayor (92 N. Y. 166), is not in point.
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., and Ingraham, J., concurred.