JULIUS POLLOCK, Respondent, *v.* GOUVENEUR MORRIS, Appellant.

*Court of Appeals, May* 13, 1887.

Affirming same case, 51 N. Y. Super. 112.

1. *Appeal. Findings.*—Where there are no exceptions to the findings of fact or conclusions of law contained in the record, and none to the refusals to find requested on behalf of the appellant, the court of appeals has nothing to review but exceptions taken on the trial.

2. *Jurisdiction. Superior Court.*—The provision of section 993 of chap. 410 of Laws of 1882, that when no ownership is named in the report of the commissioners, or the owners named cannot be found, it shall be lawful for the city to pay the award into the said supreme court, to be disposed of by it, it is for the city's benefit, which it may adopt and plead as a defense, but to which it is not compelled to resort. The city may not adopt such a course, but may bring the money into the court, in which it is sued, and the superior court of the city of New York in such case has jurisdiction.

3. *Evidence. Exclusion.* A question, calling for an inference or opinion of the witness, founded upon facts either undisclosed or insufficient to warrant the conclusion sought, is properly excluded.

Appeal from the general term of the New York superior court, affirming judgment of trial term in favor of plaintiff.

*W. S. Smith,* for appellant.

*J. R. Marvin* for respondent.

FINCH, J.—There are no exceptions to the findings of fact or conclusions of law contained in this record, and none to the refusals to find requests on behalf of the defendant. There is nothing subject to our review beyond an exception taken to the jurisdiction of the court, and one to the exclusion of a question during the progress of the trial. The action was brought in the superior court of the city of New

York to recover an award for land taken in the opening of a street, and the city was the original defendant. A claim to the award was also made by Morris, and an order of interpleader granted and entered, substituting him as defendant, and discharging the city upon its paying into the hands of the chamberlain, to the credit of the action, the amount of the award.

The jurisdiction of the court was assailed upon the basis of a single provision of the statute. Laws 1882, chapter 410, § 993. The enactment is that when no ownership is named in the report of the commissioners, or the owners named cannot be found, "it shall be lawful" for the city to pay the award "into the said supreme court" to be disposed of by it. This is a provision for the city's benefit which it may adopt and plead as a defense, but to which it is not compelled to resort. It did not adopt it in the present case, and made no such defense, but, admitting its liability to the true owner, brought the money into the court, in which it was sued, and left it there to the credit of the action. That such action could be maintained for the award, we have heretofore decided. Fisher *v.* The Mayor, 57 N. Y. 344 ; Spears *v.* The Mayor, 87 id. 359.

The question excluded called for an inference or opinion of the witness, founded upon facts either undisclosed or insufficient to warrant the conclusion sought. The inquiry whether all persons who obtained deeds from Morris did so because they were members of the land-owners' association involved an interest derived from the character of that association, and Morris's relation to it, and the possibility of his conveyance outside of its control—matters which depended upon the force of the written contract, and as to which the judgment or inference of the witness was inadmissible. The effort was to derive from that inference another, that Hyde, when he took his deed from Morris, must have been a member of the association, and then from that a third, that he knew of the contract, and so was affected by it. The witness did

not even know that Hyde was a member of the association, or that Morris had conveyed to him, and his inference, from or reasoning upon the facts was properly rejected.

The judgment should be affirmed, with costs.

All concur.