THE PEOPLE *against* the COUNTY OF NEW YORK.

CASE agreed and submitted. During the years 1815, 1816 and 1817, the county of New-York became indebted to the people of the state, in the amount of $165,466 75 for balances of state taxes, which were laid upon the county, during those years. These balances the county treasurer neglected to pay. On the 22d day of May, 1817, an account was stated by the comptroller exhibiting the above sum as then due to the state; and then, and frequently since he requested payment; and the accounts current furnished annually since 1817, have contained a charge of interest. The treasurer, in reply, stated that the taxes had not been fully collected; and for that reason he was unable to pay. But no formal demand, in pursuance of the act of October 24th, 1814, (sess. 38, ch. 29,) was ever made by the comp-

Interest runs on arrears of taxes owing by a county to the state, to be calculated after thirty days from the time when the account current is made up, and rendered by the comptroller, pursuant to the statute, (sess. 38, ch. 29, s. 4.) Payment of the amount of principal money due from

a debtor to his creditor, will not prevent an action for the amount of the interest; unless the payment be made, and received specially in extinguishment of the principal. If made generally, it applies first to extinguish the interest; and the balance may be sued for, as principal.

troller upon the treasurer, requiring him to pay the balance in his hands, within thirty days from the first day of May, in each of the years in which the balances accrued; and a copy of the account stated ·by the comptroller was never delivered to the attorney general to be prosecuted against the treasurer. No notice was ever given to the supervisors of the county by the comptroller, that there was any balance due the state for taxes from the treasurer, prior to the month of May, 1820, except the notices to the treasurer. The treasurer died in February, 1819. On the 25th day of January, 1821, $22,362 95 were paid; and on the 9th day of August the further sum of $188 45; which, together with $6841 55, claimed on account of interest, would be in full of the claim of the state on account of taxes and interest prior to the thirty-first day of May, 1821.

Upon this case, the question submitted was, whether the county of New York was liable to pay interest on the balances, and if so from what time?

*M. Ulshoeffer*, for the defendants, denied that interest would be collectable, were this a question between individuals arising upon a contract. (*Calton* v. *Bragg*, 15 East, 224. *Haviland* v. *Bowerbank*, 1 Campb. Rep. 50, 129. *Pease* v. *Barber*, 3 Caines' Rep. 266. *People* v. *Gasherie*, 9 John. Rep. 71.)

The delay in the collection of taxes may be very great. Various officers are concerned, who may be negligent; and it may be a long time before the treasurer can compel the payment of the money by process of law. Not one word is said in the statutes about making a defaulting collector pay interest; upon whose promptitude the treasurer must depend. (Vid. 2 R. L. 401, sect. 156, id. 513, sect. 12, 13. id. 400, sect. 255. id. 350, sect. 21.) The state comptroller may charge interest on taxes on real estate; but no such authority is possessed by the county treasurer, or the collectors; nor are they bound to pay interest.

Suppose the late county treasurer to have been negligent about proceeding against the collectors, he would only be liable for the balance in his hands. (Laws, sess. 38, ch. 29. sect. 4, proviso.)

But if the treasurer had been liable for interest, it does not follow that the county is so. The county was not a party to his fraud or negligence. It is liable only, by statute, (sess. 38, ch. 29, sect. 5.) Section 4 of the same statute prescribes the terms, on which the county are to be liable. The comptroller is required to take certain steps against the county treasurer, which were not pursued in this case. Notice was not given to the supervisors. The county stood in the relation of surety to their treasurer; and were entitled to have him faithfully pursued by the creditor: otherwise they are discharged. (*The People* v. *Jansen,* 7 John. Rep. 332, 339.)

But the principal of the taxes has all been paid. Interest alone remains, for which an action will not lie. (*Tillotson* v. *Preston,* 3 John. Rep. 229.)

This question as to interest has been settled by legislative exposition. It was deemed necessary, by a late act, (March 29, A. D. 1822, sess. 45, ch. 127, sect. 5,) to enable the counties to raise interest on arrears of taxes due to the state. This act was passed on the recommendation of the comptroller. (Journals of the assembly, sess. 45. page 245.) The proviso in the act shows that, before its passage, no charge of interest existed, or could be made against the county.

*Talcott,* (Attorney General,) contra. *Tillotson* v. *Preston* (3 John. Rep. 229,) was a case of payment in satisfaction of the principal and does not apply. The payments here, were properly applied to extinguish the interest in the first instance. Indeed, if interest was due to the plaintiffs, the comptroller had no power so to apply the money as to deprive them of a remedy for it.

The late act of March 29th, 1822, (sess. 45, ch. 127, sect. 5,) was not intended to confer the right to interest. The state had this right before; and the report of the comptroller, on which that act was founded presupposes the right. (Assembly Journals, 1822, p. 243, 245.) The intention of the makers of a statute should always be regarded in its construction. (Plowd. Rep. 232, 205, 366.)

Upon the general doctrine of interest, the charge is clear-

ly allowable.　It is sufficiently supported by the cases cited on the other side.　(And see the cases collected in 5 Day's ed. Esp. N. P. Rep. 114.　5 Ves. 801.　1 Hen. & Munf. 211.　3 John. Cas. 310.　3 Caines' Rep. 234.　15 John. 409.　*Thomas* v. *Weed*, 14 John. 255.　*Kane* v. *Smith*, 12 John. 156.)

The statute, (sess. 38. ch. 29, sect. 3. p. 32.) fixes the time when the money should be paid by the county.　This is on or before the 1st March; by which time it presumes the taxes to have been paid to the county.　From that time interest should be paid.

The *People* v. *Jansen* has no application.　Besides being distinguishable in its circumstances, even supposing this to be a case of surety, a decisive answer is, that the county is the original debtor, acting by their agent, the treasurer; and chargeable with his default, though they may have no actual notice.

*Curia*, per SAVAGE, Ch. J.　The subject of interest upon contracts having lately been very fully considered by this Court in *Reid* v. *The Rensselaer Glass Factory*, (3 Cowen, 393,) I abstain from an examination of the cases cited on this head.　They will be found collected and commented on in that case.　I will, however, remark, that the English rule, as laid down by the late cases, is not admitted to be correct; but expressly denied.　It is certainly reasonable, that when money is due, and withheld against the consent of the creditor, the debtor should pay interest as a compensation to the creditor, who has lost the use of his money.　Whether the debtor has, in the mean time, used the money, or received interest for it from others, in whose hands it may have been, or kept it on deposit, is surely a matter with which the creditors has no concern. His loss is neither augmented nor diminished, by the loss or gain of the debtor.　The creditor has lost the use of his money, which is equal to the lawful interest; and without recovering that, he is not indemnified.

It will surely not be considered inequitable, that whenever the debtor knows precisely what he is to pay, and when he is to pay, he shall be charged with interest, if he neglects to pay.

Such was the situation of these parties. The defendants knew perfectly well the amount of the tax due from the county to the state; and they also knew that they were bound to make payment by a certain day in each year. They were then clearly bound to pay interest, unless they are protected by some exception from the general rule.

Generally, in the accounts between the state and the several counties, where taxes on non-resident lands properly designated, are received in payment, the county cannot know the precise amount due, until the taxes have been examined by the comptroller; and either admitted or rejected by him. Hence, the propriety of an account current, showing the balance. Until this is shown, there is, in fact, an unliquidated account between the parties. Of course, no interest is chargeable, until the balance is ascertained; and, in this case, none should be charged, until the county had notice of the balance, and an opportunity to pay it.

What shall be a reasonable time from the stating of the account, we may infer from the act of October 24th, 1814, (sess. 38, ch. 29, sec. 4.) which gives the treasurer thirty days.

It has been contended, however, that this act shows that no interest is collectable at all; because interest is not mentioned by it in prescribing proceedings against the county treasurer, where he has improperly detained monies in his hands. If it were admitted that interest is not collectable in that case, it would not determine the question between these parties. The legislature might think it proper to excuse that officer from the payment of interest; though it would be perfectly equitable and legal, to compel its payment. But it is a sufficient answer to that argument, that the act contemplates an entirely different proceeding from the present; a proceeding against an individual who receives the money as the agent of the county; whose sureties would most probably be compelled to pay for his defalcation. This is a proceeding against the original debtors, who have neglected to pay the amount of their debt; who are supposed to have retained the money in their own hands; and, therefore, come within the general principle; and are not entitled to that commiseration which ' reme-

times extended to sureties by indulgent and compassionate creditors.

It is contended, however, that the defendants in this case are mere sureties for their treasurer; and are, therefore, entitled to the benefit of the law in favor of sureties. This is certainly an error. He is no more the principal debtor than the comptroller of the state is the creditor. The treasurer is the officer of the county; the supervisors appoint him; they take his sureties, and judge of their sufficiency; and the county is liable for his default and misconduct. But he is not in default, unless he receives the public money, and neglects to pay it over; or neglects the proper measures to compel its collection. From the facts stated in the case, there is no ground to impute any thing like misconduct to the treasurer. He satisfied the comptroller that he had not received the money, and had performed his duty; else he would have been prosecuted. But it would be extraordinary indeed, to prosecute the treasurer, because the collectors had not paid to him the money collected by them; though sued for the purpose of recovering it; or which, perhaps, they had not collected, and could not collect; or what is possible, which the supervisors had neglected to assess. If, however, the fault was in the treasurer, the defendants have their remedy against his estate, and his sureties upon the bond taken when he was appointed.

It is also urged, that the defendants are not liable, because no notice was given to them of the arrears due. No other notice was necessary to be given, than the one which was given to the treasurer. All the correspondence as to the accounts between the state and county, on the subject of the payment of taxes, is carried on between the comptroller of the state and the treasurer of the county. It was the duty of the supervisors to have examined the books and vouchers of the treasurer; and thus to have ascertained the true state of his accounts.

It has also been contended, that the act of 1822, (sess. 45, ch. 127, sec. 5,) has given a legislative exposition to the law on the question of interest. The truth is, that act does not alter the question one way or the other. Balances had been for years accumulating on the books of the treasury. Pay

ment was delayed by some of the counties, under a mis-apprehension of the powers of their supervisors, and the act was intended as declaratory of their powers and duties. This case was then the subject of discussion; and the proviso was inserted, expressly to prevent the act having an operation upon it ; but not as expressive of any doubt upon the propriety of the charge. The practice of charging interest on balances against counties, at the comptroller's office, was well known; and the doubts expressed by some of the supervisors, as to raising balances, extended as well to the principal as the interest. The object of the act was to secure prompt collections of balances due the state ; and not to sanction doubtful charges, as has been supposed by the counsel for the defendants. No doubts of that kind were ever entertained at the office of the comptroller.

There is no ground for the objection taken, that the plaintiff here seek to recover interest after the principal has been paid. The fact is not so stated in the case ; nor are we to presume the accounts kept in so unskilful a manner as to present that question. For aught that appears, the payments were made and received, generally, on account; which account was composed of principal and interest. The payments exceeding the interest, that part of the account was extinguished. All we learn from the case is, that the sum now due is precisely equal to the amount of interest charged.

On the whole, therefore, I am of opinion, that the plaintiffs are entitled to recover interest; and that thirty days from the time of rendering the account current is the proper time from which to calculate it : and this is the opinion of the court.