MERCHANTS' BANK, RESPONDENT, v. ROMEYN FREE-
MAN AND NORRIS WINSLOW, APPELLANTS.

*Chapter 163 of 1870 — when whole interest forfeited by usury — partial payments
— how applied.*

Under section 1 of chapter 163 of the Laws of 1870, the forfeiture of the whole
interest, when more than lawful interest has been reserved, is enforceable
only in actions brought to enforce the usurious contract.

Where a general payment is made upon a note, it is applied first to the extin-
guishment of the interest, and the balance to the reduction of the principal.

APPEAL from a judgment in favor of the plaintiff, entered in
Jefferson county upon the report of a referee.

*O'Brien & Emerson*, for the appellants.

*McCartin & Williams*, for the respondent.

MULLIN, P. J.:

The plaintiff brings this action to recover the amount due on
two promissory notes for $1,000 each, one dated 6th August,
1875, at five months, and the other dated 8th October, 1875, at
two months, to the order of the defendant Winslow, at the
Security Bank, in Watertown, Winslow indorsed the same, and
they were delivered to and discounted by the plaintiff. They
were not paid at maturity, and the indorser was duly notified of
demand and protest of the same.

The defendants, in their answer, allege that in February, 1873,
the plaintiff discounted, for defendant Freeman, notes amounting
to $12,000 These notes were not paid and were protested. In
July of that year, an agreement was entered into that the pro-
tested notes should be retained by the bank, and Freeman should
be charged with interest every three months, at the rate of ten
per cent per annum. Payments were thereafter made from time
to time by Freeman, and the unpaid usurious interest added to
the principal until August, 1875, when Freeman paid to plaintiff
$600 of usurious interest. On the 6th August $4,000 were found

due to plaintiff, including usurious interest, and to secure that sum he gave his four promissory notes for $1,000 each, which Winslow indorsed for the accommodation of Freeman. Two of the said notes are those described in the complaint. When these four notes were given, the notes for $12,000 above mentioned were surrendered.

The answer demanded that the complaint be dismissed with costs, and that an account be taken of the interest paid on said notes and that it be deemed forfeited, and that defendants recover double the amount of usurious interest paid, and that the whole amount thus forfeited be applied in satisfaction of said notes. The referee finds the facts as alleged in the complaint and as alleged in the answer, except that in October, 1874, Freeman paid to the plaintiff on the notes, then past due, $1,000, and on the 9th July, 1875, $500; that on the 6th August, 1875, the amount still due on the notes was ascertained, the interest being computed at ten per cent, and Freeman paid to plaintiff $963.34, together with the four notes mentioned in the answer. The referee also finds that the excess of interest, over and above seven per cent per annum, paid by Freeman to the plaintiff, after the 16th March, 1874, was $390.27.

As conclusions of law, he finds that the notes described in the complaint are valid securities, and plaintiff is entitled to recover thereon. That Freeman is entitled to recover twice the excess over seven per cent that plaintiff received during two years prior to the commencement of the action, amounting to $828.58, and plaintiff is entitled to receive the amount of the two notes, less said last-mentioned sum, and judgment was entered accordingly, and from it defendant appeals. The deduction of twice the amount of the usurious interest, taken by the plaintiff during the two years preceding the commencement of the action, is concededly right; but the defendant claims that, under section 1 of chapter 163 of the Laws of 1870, the whole amount of usurious interest taken by the plaintiff should have been allowed to defendant in reduction of the recovery.

The Court of Appeals holds, in *Hintermister* v. *First Nat Bank* (64 N. Y., 212), that the forfeiture of the whole interest, when more than lawful interest has been reserved, is enforceable

only in actions brought to enforce the usurious contract. The referee does not find that any usurious interest was reserved or agreed to be paid on the notes in question; but, on the contrary, he is of the opinion that the usurious interest must be presumed to be paid out of the payments made by Freeman, from time to time, on his debt to the plaintiff. When a debtor makes a payment generally, on a note, it applies first to the extinguishment of interest, and the balance may be sued for as principal. (*People* v. *New York*, 5 Cow., 331; *Story* v. *Livingston*, 13 Peters, 360; *Dean* v. *Williams*, 17 Mass., 417.)

The rule for the computation of interest, when partial payments are made, requires that the interest should be first paid when the payment exceeds the interest; and there is no exception, that I am aware of, to this rule of computation.

The referee holds that no part of the usury agreed to be paid entered into the notes on which the action is brought, because the payments made exceeded the usury, and the law applied the payment in satisfaction of the interest.

The judgment should be affirmed.

Present—MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.