THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THEODORE W. MYERS, AS COMPTROLLER OF THE CITY OF NEW YORK, APPELLANT.

*Interest — is recoverable upon a State tax past due from a county.*

In a proceeding by *mandamus* to compel the city of New York to pay a portion of the State tax of 1889–1890, it appeared that the tax was due by the terms of the statute; that it was the duty of the city comptroller to pay it; that his failure to do so was a neglect of a statutory duty; that the city had power, under the consolidation act (chap. 410 of the Laws of 1882), to issue revenue bonds, and in that manner procure funds with which to pay the tax; and that, although the statute contemplated prompt payment of the tax, it contained no provision relative to interest in case of delay.

On appeal from an order made at Special Term providing that a *mandamus* issue directing the payment of the tax and interest:

*Held,* that the direction as to interest was proper

That the amount and time of payment were certain, the money was due and a duty devolved upon the city to pay it.

That the situation of the city and State was the same as that of an ordinary debtor and creditor, and that the fact that the money was due under a statute and not under a contract was immaterial.

APPEAL by the defendant Theodore W. Myers, as comptroller of the city of New York, from an order of the Supreme Court, entered in the office of the clerk of the county of Albany on the 23d day of February, 1892, directing that a peremptory writ of *mandamus* issue commanding him to issue revenue bonds, and to negotiate the same, for the purpose of raising $464,221.10, with interest thereon from the date of entry of the order, and to pay therewith the State taxes due from the city and county of New York for the fiscal year beginning October 1, 1889.

*William II. Clark* and *George S. Coleman*, for the appellant.

*Simon W. Rosendale*, attorney-general, for the respondent.

PUTNAM, J.:

The judgment from which this appeal is taken directed the issuing of a peremptory *mandamus* to the defendant commanding him to issue sufficient revenue bonds of the city and county of New York, and to negotiate the same for the purpose of raising $464,221.10 on account of the State taxes for the fiscal year beginning October 1, 1889.

The following propositions asserted by plaintiff may be assumed as established, and I think are not controverted by the defendant:

"*First.* That the quota of the State tax assessed upon the city and county of New York was due and payable from that county on the 1st day of May, 1890.

"*Second.* That it was the duty of the defendant at that time, May 1, 1890, to pay the quota of the State tax due from the city and county of New York into the State treasury.

"*Third.* That the failure upon the part of the comptroller, the defendant, to pay the State tax at the time stated was a neglect of statutory duty imposed upon him; and,

"*Fourth.* That *mandamus* was the proper remedy to enforce the performance of that duty."

It is also conceded that the defendant, under the provisions of section 153 of the New York city consolidation act (chap. 410, Laws

of 1882), was authorized to issue revenue bonds for the purpose of paying the tax of $420,300.08, which, under the statute, become due on the 1st day of May, 1890.

Counsel for appellant admitted that the statute contemplated a prompt payment of such taxes, but claims that it makes no provision for interest or a penalty in the event of any delay on the part of the city and county of New York.

The only objection urged to the final order or judgment directing the issuance of the *mandamus* is that it directs the payment not only of the original tax but also of interest thereon. Appellant insists that the plaintiff was not entitled to recover interest, and to that extent that the order appealed from is erroneous.

The general rule is well settled that where a debtor is in default for not paying money in pursuance of his contract he is chargeable with interest from the time of his default. ( *Van Rensselaer* v. *Jewett*, 2 Comst., 135 ; *Adams* v. *The Fort Plain Bank*, 36 N. Y., 261.)

In this case the tax in question was due from the city and county of New York to the State, *by the terms of the statute*, on the 1st of May, 1890. The payment of said tax by the defendant was made a statutory duty. The amount of the tax was, by the law, not only due from him to the State at the time mentioned, but the statute conferred upon him ample power to raise the necessary money. His position may be deemed, then, similar to that of a debtor from whom money becomes due by the terms of a contract. It should make no difference, as to interest, whether the payment is due under a contract, or by the terms of a law. The amount and time of payment were certain ; the money was due to plaintiff, and a duty devolved upon the defendant to pay it. I am unable to see why interest should not be paid on a debt due, by the terms of a statute, from the county of New York to the State, the same as if the money was due by the terms of a contract.

We are only referred to one authority where the question involved in this case has been directly passed upon. (*The People* v. *The County of New York*, 5 Cowen, 331.)

In that case decided by the Supreme Court of the State in 1816, it was determined that interest runs on arrears of taxes owing by a county to the State. It is not suggested that that cause has ever

been criticized or doubted. The court there held that when the debtor — in that case, as here, made a debtor by statute — knows precisely what he has to pay, and when he has to pay, he shall be charged with interest if he neglects to pay. In the opinion, the following language occurs, viz.: "Defendants knew perfectly well the amount of the tax due from the county to the State; and they also knew that they were bound to make payment by a certain day in each year. They were then clearly bound to pay interest, unless they are protected by some exception from the general rule."

I think the case cited was properly decided, and determines the question under consideration in favor of the contention of the respondent.

The judgment should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Judgment affirmed, with costs.