(21 Misc. Rep. 84.)

### PECK v. GRANITE STATE PROVIDENT ASS'N.

(Supreme Court, Appellate Term. July 29, 1897.)

1. APPLICATION OF PAYMENTS.

Although payment of the principal sum, which is past due, when accepted as full payment, will extinguish all separate claims for interest for the time of detention, yet when the payment is made and accepted merely on account, and no surrender of the evidences of indebtedness takes place, the payment will be used first to liquidate the interest, and the remainder only will be applied to the principal obligation.

2. INTEREST—ACCEPTOR OF DRAFT.

The acceptor of a draft made payable on the completion of a certain building is not liable for payment until notified of the completion of the building, or requested to pay; and interest for the detention of the principal will be reckoned only from the date of such notification or demand.

Appeal from Second district court.

Action by Nellie E. Peck against the Granite State Provident Association for balance due. From judgment for plaintiff, defendant appeals. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lexow, MacKellar & Wells, for appellant.
Holm & Smith, for respondent.

McADAM, J.   The action is by the plaintiff, as the transferee and holder of a draft accepted by the defendant, to recover $72, as a balance due thereon.   The draft is in these words:

"The State Provident Association: Please pay to the order of J. M. Peck's Son & Company two hundred dollars, and charge the same to my account.   Payable on completion of the building.                    Rudolf Brasche.
"Dated N. Y., Dec. 13th, 1889."

Across the face of the draft is written, "Accepted by Granite State Provident Association.   G. Percival Stewart, V. P.;" and it is indorsed, "J. M. Peck's Son & Co."

No notice to the defendant of completion of the building, or demand on it for payment, was proved, further than what may be inferred from a letter written by the defendant's secretary June 20, 1892, in which he acknowledged the receipt of a claim made on the defendant for the payment of the draft.   Thereafter, and on January 28, 1896, the assistant treasurer of the defendant wrote to the plaintiff's attorneys, inclosing a check for $200, saying that it was "on account of the draft."   The check was received, collected, and the proceeds credited "on account," as requested in the letter.   The draft was not surrendered, but was apparently retained, that the interest thereon might be adjusted, and the action on the draft is practically to collect such interest.   We are aware of the rule that, where an instrument does not specify on its face that interest is to be paid, the payment of the principal is regarded as a bar to any action for the interest (5 Lawson, Rights, Rem. & Prac. § 2434; Railroad Co. v. Town of Moravia, 61 Barb. 180; Tenth Nat. Bank v. Mayor, etc., 4 Hun, 429; Cutter v. Mayor, etc., 92 N. Y. 166), for the reason that the interest is allowed, not as part of the contract, but as a mere incident to it, agreeably to the maxim, "Accessorium non ducit, sed sequitur, suum principale."   Broom, Leg. Max. 491; Cooper v. Newland, 17 Abb. Prac. 342.   If the $200 check had been accepted in payment of the draft, or if the draft had been surrendered on receiving the check (Middaugh v. City of Elmira, 23 Hun, 79), the interest would no longer have constituted a debt capable of a distinct claim, but would have been extinguished by the payment of the principal obligation.   That is not this case.   The giving of the check was not declared to be in payment, but "on account," of the draft, and was so accepted by the plaintiff; and possession of the draft was therefore retained by her as evidence of the debt.   This seems to have been the intention of the parties.   The payment was consequently but a partial one, and in such case it is to be applied first to the interest then due, and, if it exceeds the interest, it is to be applied on the principal remaining due.   2 Cow. Treat. (Kingsley's Ed.) § 1527; 5 Lawson, Rights, Rem. & Prac. § 2445.   In other words, the facts take the case out of the general rule mentioned in McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, and bring it within the special rule therein referred to.   The question, therefore, resolves itself into what amount of interest the plaintiff was legally entitled to receive to extinguish the claim.   As interest is not payable by the terms of the contract, it is recoverable only as damages for the detention of the principal, and from such time as the defendant was placed in

·default. 1 Suth. Dam. 619, 620; In re New York & B. Bridge, 137 N. Y. 95, 32 N. E. 1054. This, on the evidence, was June 20, 1892; and, according to the computation of the plaintiff's witness, the interest from that date to the time of trial amounted to $54.81. This sum was the limit of the plaintiff's recovery. The trial judge allowed $72 as interest from March 13, 1890, the time the building was said to have been completed. This was error, in view of the fact that no notice of such completion was given to the defendant until the demand made on June 20, 1892.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless within 10 days the plaintiff stipulates to reduce the recovery to $54.81, in which case the judgment as modified will be affirmed, without costs upon this appeal. All concur.