(36 Misc. Rep. 355.)

## PEOPLE v. AMERICAN LOAN & TRUST CO.

(Supreme Court, Special Term, New York County. November, 1901.)

1. CORPORATIONS—TRUST COMPANIES—INSOLVENCY — PREFERRED CREDITORS—INTEREST ON CLAIM.

Where the charter of a trust company provided that on dissolution of the corporation debts due from it as trustee, guardian, receiver, or depository of money in court, or savings bank funds should have a preference, the creditors so preferred are entitled to legal interest on their claims as against general creditors of the corporation on dissolution, though they received less than legal interest while the corporation was a going concern, though the application of the rule will exhaust the fund.

2. SAME—SETTLEMENT—WAIVER.

Where preferred creditors of a trust company, who were legally entitled, under the company's charter, to legal interest on their claims, have accepted and receipted for the principal of their claims, they are not thereafter entitled to interest thereon.

3. SAME—ATTORNEY'S FEES.

An attorney who has rendered general legal services for a corporation which has become insolvent is not to be treated as a preferred creditor, the service not being rendered in an action or proceeding, nor increasing the fund in the hands of a receiver, nor being a lien on the fund.

Action by the people of the state of New York against the American Loan & Trust Company for the dissolution of defendant as an insolvent corporation. Motion to confirm a referee's report as to the distribution of defendant's funds. Granted.

Opdyke, Willcox & Bristow, for receiver.
Wm. B. Lee, for Monroe County Sav. Bank.
C. L. Stone, for Onondaga County Sav. Bank.
Wm. W. Storrs, for Farmers' & Mechanics' Sav. Bank.
B. E. V. McCarty, for estate of Judge Hawes.
Ritch, Woodford, Bovee & Wallace, for Union Dime Sav. Inst.

McADAM, J. The most important question presented by the exceptions to the referee's report is whether the preferred creditors of the dissolved corporation, who have been paid in full the principal of their claims, amounting to $705,405.01, and who, prior to its insolvency, received interest on their deposits ranging from 2 to 4 per cent. per annum, are entitled to legal interest on their respective claims. There is a balance now in the hands of the re-

ceiver of the corporation. If the contention of the preferred creditors be sustained, the amounts payable to them as interest will more than exhaust the balance, and the unpreferred creditors, with demands aggregating $452,541.31, will be deprived of a dividend. The charter of the corporation provided that, "in case of the dissolution of the said company by the legislature, the supreme court, or otherwise, the debts due from the company as trustee, guardian, receiver or depository of moneys in court or savings bank funds, shall have a preference." It must be decided, therefore, not whether the preferred creditors are entitled to legal interest as against the debtor corporation, but whether, as between them and the unpreferred creditors, the preferred creditors can insist upon the appropriation by the receiver of the comparatively small sum in his hands towards the payment of their interest demands, and thus exclude the unpreferred creditors from any participation in the fund. Some of the preferred creditors claimed legal interest from February 18, 1891, when the corporation ceased to do business, to the date when the first dividend was paid to them by the receiver, upon the amounts of their claims as fixed on February 18, 1891, and that so much of the first dividend should first be applied to the payment of such interest as was necessary to fully discharge it; that the balance should then be applied as a part payment on account of the principal; and that such method should be adopted in the application of the payments at the times the other dividends were made by the receiver. Instead of calculating interest on this theory, the learned referee allowed each of the preferred creditors legal interest on the amount of the principal of their claims from February 18, 1891, down to the time of the first dividend at the rate of 6 per cent. per annum, and 6 per cent. per annum upon the balance of principal then remaining due after crediting the amount of the first dividend thereon down to the time of the payment of the second dividend, and so on down to the payment of the final dividend. This. method of awarding interest also wipes out the balance in the receiver's hands. Neither class of creditors accepts the referee's disposition of the question. The problem is, indeed, a difficult one to solve. If the trust company, instead of falling by the roadside, had continued to carry on business, the creditors who now claim 6 per cent. interest would be receiving interest at from 2 to 4 per cent., and, presumably, would be well satisfied with such returns. Is it equitable that, because the corporation has become insolvent, and assets amounting to little more than the preferred debts at the time of insolvency are saved from the wreck, the excess over such preferred debts should be appropriated towards the payment of legal interest on the preferred claims, leaving the just demands of unpreferred creditors totally unprovided for? It would seem not. Nevertheless, though a case exactly like this has not been found, the trend of authorities, in this state at least, seems favorable to the preferred creditors. In Upton v. Bank, 13 Hun, 269, which case presented a dispute between general creditors and certain savings banks entitled to preferences, it was held that said banks were entitled to interest on their deposits with the insolvent corporation

.as against the general creditors. The provision of the banking law respecting preferences, under which that case was decided, is not so dissimilar to that part of the charter of the American Loan & Trust Company hereinbefore quoted as to warrant a different construction. In Re Fay, 6 Misc. Rep. 462, 27 N. Y. Supp. 910, where there was a voluntary assignment for the benefit of creditors, the language of the assignment was, "to pay and discharge in full the following indebtedness of the assignors," naming preferred creditors in the order of preference by the assignors, with the amounts due them respectively. The claims of the first four preferred creditors were paid in full, with interest to the day of payment, and that exhausted the fund applicable to preferred debts. The fifth preferred creditor, whose claim would have been paid in full if no interest had been allowed the four prior creditors, received nothing, and objected to the assignee's account on the ground that the allowance of interest was unwarranted. The court held that interest was properly paid to the prior creditors. See, also, In re Patterson, 18 Hun, 221, affirmed 78 N. Y. 608, and note in 8 Abbott's N. Y. Dig. 70. It is contended by the unpreferred creditors, however, that, having given receipts for and accepted the principal of their claims, the preferred creditors are, in any event, precluded from recovering interest thereon. The interest claimed by the preferred creditors is not contractual interest, but interest as damages for nonpayment of the debts, and the rule is that, where interest is recoverable merely as damages for nonpayment of a debt, the creditor cannot maintain an action for its recovery after accepting the principal. Tillotson v. Preston, 3 Johns. 229; Johnson v. Brannan, 5 Johns. 268; People v. New York Co., 5 Cow. 331; Fake v. Eddy's Ex'r, 15 Wend. 76, 80; Cutter v. Mayor, etc., of City of New York, 92 N. Y. 166; In re Hodgman's Estate, 140 N. Y. 421, 35 N. E. 660; Stewart v. Barnes, 153 U. S. 456, 462, 14 Sup. Ct. 849, 38 L. Ed. 781; Peck v. Association, 21 Misc. Rep. 85, 46 N. Y. Supp. 1042. It would seem that in this controversy the preferred creditors come within the rule invoked. There appears no valid reason against an appropriation by the receiver, and the preferred creditors, after a lapse of seven years, ought not to be allowed to question it. The case of National Bank of Commonwealth v. Mechanics' Nat. Bank, 94 U. S. 437, 24 L. Ed. 176, is distinguishable from this one. There the receiver of the insolvent corporation made certain payments from time to time on account of principal, until the principal debts were extinguished, and at each payment interest was demanded and refused, so that there was a controversy between the parties at the time of the attempted appropriation. Here there was no controversy between the parties. The creditors took what they got, and did not question the attempted appropriation. It follows that interest should not have been allowed to the preferred creditors.

Another question is presented by the claim of Euphemia A. Hawes, executrix of the late Granville P. Hawes, that debts of the corporation to the testator, amounting to $13,365.81, on account of services rendered by him as attorney and counselor at law, are entitled

to a preference, on the theory that the testator acquired a lien. It would seem that the learned referee properly disallowed said claim. The services were not rendered by the testator in any action or proceeding in any court, did not result in the increase of any fund which came into the hands of the receiver, and there was never in existence any fund or securities in the hands of the receiver upon which the testator had an attorney's lien. Interest must, therefore, be disallowed on the preferred claims. In other respects, the referee's report will be confirmed. Settle order on notice.

Ordered accordingly.